**In re Virginia SEILER, Debtor.**

**Bankruptcy No. Bk-80-00792.**

United States Bankruptcy Court,
W. D. Oklahoma.

Jan. 26, 1981.

W. Carl Nixon, Oklahoma City, Okl., for City Finance Co.

J. Michael Mancillas, Oklahoma City, Okl., for debtor.

### MEMORANDUM ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

This matter came on for hearing, after required notice, upon the debtor's application to avoid a non-purchase money security interest held by City Finance Company in the debtor's household furnishings.

## ISSUE

The sole issue is whether the avoidance authority set forth in Bankruptcy Code § 522(f) may be exercised by the debtor as to a security interest and agreement entered into on September 24, 1979, after the enactment of the Bankruptcy Reform Act on November 6, 1978 but prior to October 1, 1979 when most substantive features were deemed to go into effect.

## LAW

This court through the Hon. Robert L. Berry, previously denied a retroactive application of § 522(f) to a security interest created prior to the Code's enactment as a deprivation of constitutional due process but expressly reserved the question of whether such avoiding section could be applied to a lien created during the so-called gap period between enactment and the Code's effective date. *In re Pierce*, 4 B.R. 671, 6 BCD 484 (Bkrtcy. WD Okl.1980). Accord *In re Hawley*, 4 B.R. 147, 6 BCD 365 (Bkrtcy. D Or.1980). Read also *In re Rodrock*, 3 B.R. 629, 6 BCD 267 (Bkrtcy. D Colo.1980); *In re Hoops*, 3 B.R. 635, 6 BCD 273 (Bkrtcy. D Colo.1980). Contra *In re Beck*, 4 B.R. 661, 6 BCD 491 (Bkrtcy. D Ill.1980); *In re Ambrose*, 4 B.R. 395, 6 BCD 454 (Bkrtcy. ND Ohio 1980).

Although there are a number of conflicting opinions at the bankruptcy court level, this court is persuaded that the better rule bars any retroactive application of § 522(f) prior to October 1, 1979 the Code's effective date. Read *In re Jackson*, 4 B.R. 293, 6 BCD 612 (Bkrtcy. D Colo.1980); *In re Lucero*, 4 B.R. 659, 6 BCD 477 (Bkrtcy. DC Colo.1980). Cf. *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). Contra, *In re Head*, 4 B.R. 521, 6 BCD 489 (Bkrtcy. D Tenn.1980). Cf. *In re Baker*, 5 B.R. 397, 6 BCD 747 (Bkrtcy. WD Mo.1980). All contracting parties are clearly on notice of the Code's effective date. It offends "due process" to superimpose such avoiding power on contracts made prior to the Code's identified effective date. Accordingly, it is hereby

ORDERED that the debtor's application to avoid the lien of City Finance Company be DENIED.