642 F.2d 1193
 4 Collier Bankr.Cas.2d 124, 7 Bankr.Ct.Dec. 344,
Bankr. L. Rep. P 67,900
 Donald Lee RODROCK and Janet Carol Rodrock, Plaintiffs-Appellants,
v.
SECURITY INDUSTRIAL BANK, Defendant-Appellee,
United States of America, Intervenor-Appellant.
Pamela Sue KNEZEL, Plaintiff-Appellant,
v.
SECURITY INDUSTRIAL BANK, Defendant-Appellee,
United States of America, Intervenor-Appellant.
Rosemary Louise HOOPS, Plaintiff-Appellant,
v.
FREEDOM FINANCE AND SECURITY INDUSTRIAL BANK, Defendants-Appellees,
United States of America, Intervenor-Appellant.
Noval James JACKSON and Jerrie (NMN) Jackson, Plaintiffs-Appellants,
v.
SECURITY INDUSTRIAL BANK, Defendant-Appellee,
United States of America, Intervenor-Appellant.
Paul Leroy STEVENS and Sara Ann Stevens, Plaintiffs-Appellants,
v.
LIBERTY LOAN CORPORATION, Defendant-Appellee,
United States of America, Intervenor-Appellant.
In re Randall Dean SCHULTE and Ollie Denise Schulte, a/k/a
Ollie Denise Dehne, Plaintiffs-Appellants,
v.
BENEFICIAL FINANCE OF KANSAS, INC., Defendant-Appellee,
United States of America, Intervenor-Appellant.
In re Richard Glen HUNTER and Sharon Kay Hunter, Plaintiffs-Appellants,
v.
BENEFICIAL FINANCE OF KANSAS, INC., Defendant-Appellee,
United States of America, Intervenor-Appellant.
National Consumer Finance Association, Amicus Curiae.
 Nos. 80-1549 to 80-1553, 80-2267 and 80-2268.
 United States Court of Appeals,
Tenth Circuit.
 Argued Dec. 16, 1980.
Decided March 2, 1981.
 
 No appearance for plaintiffs-appellants.
 Michael E. Katch, Denver, Colo. (Charles T. Trowbridge, Denver, Colo., with him on brief), for Security Industrial Bank and Liberty Loan Corporation, defendants-appellees.
 Richard L. Levine, Director and Counsel, Executive Office for U. S. Trustees, Dept. of Justice, Washington, D. C. (Barbara G. O'Connor, Staff Atty., Executive Office for U. S. Trustees, Dept. of Justice, Washington, D. C. and Dolores B. Kopel, U. S. Trustee, District of Colo. and Kansas, Denver, Colo., with him on brief), for United States of America, intervenor-appellant, and on behalf of plaintiffs-appellants.
 Henry F. Field, Chicago, Ill. (Donald M. Bernstein, Chicago, Ill., with him on brief), for Beneficial Finance of Kansas, Inc., defendant-appellee; Phil C. Neal and Russ M. Strobel of Friedman & Koven, Chicago, Ill., and Malcolm C. Black, Wichita, Kan., of counsel.
 Robert B. Evans and Vernon L. Evans, Washington, D. C., for National Consumer Finance Association, amicus curiae.
 Before SETH, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 Each of these seven cases is a direct appeal to this Court from a judgment of a United States Bankruptcy Court, pursuant to the Bankruptcy Reform Act of 1978, Pub.L.No. 95-598, § 405(c)(1)(B), 92 Stat. 2685 (West Supp.1979), concerning the lien avoidance provisions of the Reform Act. The Reform Act of 1978 was enacted by Congress on October 6, 1978, and signed into law by the President on November 6, 1978. The effective date of the Reform Act is October 1, 1979. Five of the seven cases, Nos. 80-1549, 80-1550, 80-1551, 80-1552 and 80-1553, are direct appeals from judgments entered in the United States Bankruptcy Court for the District of Colorado.[1] The remaining two, Nos. 80-2267 and 80-2268, are direct appeals from judgments entered in the United States Bankruptcy Court for the District of Kansas.[2] These seven direct appeals were consolidated for hearing in this Court, as each appeal involves consideration of the same provision of the Reform Act, namely 11 U.S.C. § 522(f)(2) (Supp. III 1979). That particular statute is set forth in its entirety as an appendix to this opinion.
 
 
 2
 In each of these seven cases, creditors acquired non-possessory, non-purchase money security interests in personal property (household furnishings and appliances) from the debtors before the Reform Act was signed into law by the President on November 6, 1978, and also before the Act was passed by Congress on October 6, 1978. In each case the debtor instituted bankruptcy proceedings after the October 1, 1979, effective date of the Reform Act. In each case the debtor, pursuant to Section 522(f)(2), claimed exemptions for the various items which served as collateral in security agreements previously entered into. The secured creditors objected to such claims for exemption. Accordingly, the debtor in each instance filed a complaint in the Bankruptcy Court against his secured creditor, seeking to avoid the creditor's non-possessory, non-purchase money security interest in accordance with the provisions of Section 522(f) (2). In each case, the creditor moved to dismiss the debtor's complaint for lien avoidance.
 
 
 3
 In the two Kansas cases, the bankruptcy judge held that Congress did not intend for Section 522(f)(2) to apply to security interests which came into being before the November 6, 1978, enactment date of the Reform Act and dismissed the debtors' complaints. The debtors now appeal.
 
 
 4
 In the five Colorado cases, the bankruptcy judges held that Congress did intend that in cases filed after October 1, 1979, Section 522(f)(2) would apply to security interests which came into being before the November 6, 1978, enactment date of the Reform Act. The Colorado bankruptcy judges further held, however, that such retroactive application of the statute was unconstitutional. In each case the judge dismissed the debtor's complaint. Those debtors also appeal. To summarize, in both the Kansas and Colorado Bankruptcy Courts the secured creditors prevailed, but the basis for the respective holdings was not the same.
 
 
 5
 In all seven cases, after notice by the Bankruptcy Courts, pursuant to 28 U.S.C. § 2403(a) (1976), the United States intervened to argue in favor of the constitutionality of Section 522(f)(2). In this Court, the United States, in effect, represents the debtors. As we view these appeals, there are two issues to be resolved: first, whether Section 522(f)(2) is to be applied retroactively; and, second, if so, whether such retroactive application, under the facts of these cases, would be constitutional.[3]
 
 Retroactivity
 
 6
 The effective date of the Reform Act was October 1, 1979. Pub.L.No. 95-598, § 402(a) 92 Stat. 2682 (West Supp.1979). The Reform Act provided that as of October 1, 1979, the former Bankruptcy Act was repealed. Pub.L.No. 95-598, § 401(a), 92 Stat. 2682 (West Supp.1979). The Reform Act further provided that a case commenced before October 1, 1979, would be governed by the old Bankruptcy Act, as opposed to the Reform Act, and that such proceedings should thereafter be conducted in accord with the Bankruptcy Act. Pub.L.No. 95-598, § 403, 92 Stat. 2683 (West Supp.1979). Cases commenced after October 1, 1979, were to be conducted in accord with the Reform Act, the old Bankruptcy Act having been repealed as of October 1, 1979.
 
 
 7
 The precise issue is whether Congress intended for a substantive portion of the Reform Act, such as Section 522(f)(2), to apply to security interests which were vested prior to the effective date of the Reform Act. We think Congress had such an intent. Cases filed in bankruptcy court shortly after the October 1, 1979, effective date of the Reform Act would necessarily involve creditors' interests which came into being prior to the effective date of the Reform Act. As of October 1, 1979, the old Bankruptcy Act stood repealed. So, if, in a bankruptcy case filed on or after October 1, 1979, the Reform Act does not apply to creditors' interests which came into existence prior to October 1, 1979, then there would be no bankruptcy law governing the particular matter at hand. We cannot believe that Congress intended such a statutory "gap."
 
 
 8
 Stated somewhat differently, the issue is whether, with the old Bankruptcy Act repealed as of October 1, 1979, except for cases commenced prior to that date, the provisions of the Reform Act should be applied prospectively only. If the Reform Act were applied only to those cases commenced after October 1, 1979, which involved security interests which came into existence after that date, there would be no bankruptcy law applicable to cases filed after October 1, 1979, but involving security interests which were fixed prior to October 1, 1979. We cannot believe that Congress intended such a no-man's land. Based on such reasoning, we conclude that Congress intended for substantive provisions of the Reform Act, such as Section 522(f)(2), to be given retroactive effect to the end that such statutory provisions govern security interests that came into being before the effective date of the Reform Act.
 
 
 9
 Having determined that Section 522(f)(2) should be given retroactive effect, we find nothing in the Reform Act itself to indicate that Congress intended for the Reform Act to be given only a limited retroactive effect, i. e., to a particular date, as, for example, November 6, 1978, the enactment date of the Reform Act. The Reform Act is either to be retroactively applied, or to be applied only in a prospective manner. We believe it was Congress' intent to apply the Reform Act retroactively. Accordingly, we agree with the holding of the Colorado Bankruptcy Court that Congress intended the Reform Act to be retroactively applied to the creditors' interests here involved. We are not in accord with the ruling of the Kansas Bankruptcy Court that Congress did not intend such a retroactive application of Section 522(f)(2). The fact that we do not agree with the Kansas Bankruptcy Court on the retroactivity issue does not mean, however, that its judgment must be reversed. There remains the issue of whether the provisions of Section 522(f)(2) can be constitutionally applied to a creditor's security interest which vested prior to the enactment date of the Reform Act, i. e., November 6, 1978.
 
 Constitutionality
 
 10
 The Colorado Bankruptcy Court held that, under Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935), Section 522(f)(2) could not be constitutionally applied to a creditor's security interest which came into being prior to the enactment date of the Reform Act. We agree. Radford involved an amendment to the Bankruptcy Act which preserved to a defaulting mortgagor of farm property the ownership and enjoyment of his farm and took from the mortgagee rights in specific property held as security. The Supreme Court in Radford, speaking through Justice Louis D. Brandeis, declared the amendment to the Bankruptcy Act unconstitutional under the Fifth Amendment.[4] In so doing, the Court recognized that, although Congress, under the bankruptcy power, may discharge a debtor's personal obligation, because, unlike the states, Congress is not prohibited from impairing the obligation of contract, nevertheless Congress could not take for the debtor's benefit rights in specific property acquired by a creditor prior to the amendment of the Bankruptcy Act. In the instant cases, the creditors acquired rights in specific property prior to the enactment of the Reform Act, and, under Radford, these vested rights cannot be taken from the creditor for the benefit of the debtor. It should be noted that, in the instant cases, there would be a complete taking of the secured creditors' property interests.
 
 
 11
 Counsel suggests that, with the passage of time, Radford has lost its steam and that later decisions of the Supreme Court cast doubt on the continuing vitality of that decision. We disagree.[5] Such cases as Wright v. Vinton Branch of the Mountain Trust Bank of Roanoke, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937)[6] and Kuehner v. Irving Trust Co., 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 391 (1937)[7] may well refine the rule of Radford, but they do not destroy the fundamental teaching of Radford that Congress may not under the bankruptcy power completely take for the benefit of a debtor rights in specific property previously acquired by a creditor.
 
 
 12
 Having concluded that Section 522(f)(2) cannot, under the Fifth Amendment, be applied to a creditor's security interest in specific property acquired prior to the enactment date of the Reform Act, we hereby affirm all judgments.
 
 APPENDIX
 
 13
 11 U.S.C. § 522(f). Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is
 
 
 14
 (1) a judicial lien; or
 
 
 15
 (2) a nonpossessory, nonpurchase-money security interest in any
 
 
 16
 (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
 
 
 17
 (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
 
 
 18
 (C) professionally prescribed health aids for the debtor or a dependent of the debtor.
 
 
 19
 Note : The federal exemptions as to the items above listed are as follows:
 
 
 20
 § 522(d)(3) provides an exemption, not to exceed $200 in value, in any particular item listed in subsection (A) above, except for jewelry.
 
 
 21
 § 522(d)(4) provides an exemption, not to exceed $500, in the aggregate value of jewelry.
 
 
 22
 § 522(d)(6) provides an exemption, not to exceed $750, in the aggregate value of items used in a trade.
 
 
 23
 § 522(d)(9) exempts, without qualification, prescribed medical items.
 
 
 
 [1]
 Nos. 80-1549 and 80-1550 are Rodrock v. Security Industrial Bank, and Knezel v. Security Industrial Bank, respectively, reported at 3 B.R. 629 (West), and at 6 B.C.D. 267 (CRR) (Bktrcy.D.Colo.1980) (consolidated cases). No. 80-1551 is Hoops v. Freedom Finance and Security Industrial Bank, 3 B.R. 635, 6 B.C.D. 273 (CCR) (Bktrcy.D.Colo.1980). Nos. 80-1552 and 80-1553 are Jackson v. Security Industrial Bank, and Stevens v. Liberty Loan Corporation, respectively, reported at 4 B.R. 293 (West) (D.Colo.1980) (consolidated cases)
 
 
 [2]
 Nos. 80-2267 and 80-2268, Schulte v. Beneficial Finance of Kansas, Inc., and Hunter v. Beneficial Finance of Kansas, Inc., No. 79-11745 (D.Kan. Oct. 27, 1980) (consolidated cases), are as yet unreported
 
 
 [3]
 We note that the issues framed here, while they apparently have not been decided by any of the other Courts of Appeals, have been the subject of opinions of bankruptcy courts in several parts of the country. See, e. g., Pierce v. Oklahoma Health Services Federal Credit Union, 4 B.R. 671 (West) (W.D.Okla.1980), in which the court upheld the interest of a lien creditor against an attempt by the bankrupt to set aside the interest under Section 522(f)(2). Id. at 674. In Pierce, the security interest had been created prior to the time the Reform Act was signed into law
 In a recent decision of the Bankruptcy Court for the District of Utah, it was held that Section 522(f)(2) was constitutional and could be applied retroactively, even so as to avoid security interests created before the Bankruptcy Reform Act was enacted. Pillow v. Avco Financial Services, 8 B.R. 404 (Bkrtcy.D.Utah 1981) (consolidated cases).
 In several other cases, bankruptcy courts have dealt with the situation in which a security interest was created between the date the Reform Act was signed into law and the date it became effective. In most of these cases, the bankruptcy courts have found the interests to be voidable. See, e. g., U.S. Life Credit Corp. v. Steinart, 4 B.R. 354 (West) (W.D.La.1980); Hawley v. Avco Financial Services of Oregon, Inc., 4 B.R. 147 (West) (D.Ore.1980); In re Beck, 4 B.R. 661 (West) (C.D.Ill.1980); and Head v. Home Credit Co., 4 B.R. 521 (West) (D.Tenn.1980).
 Of course, none of the cases presented here involve a security interest which was created between the time the Act was signed into law and the time it became effective, since the security interests in these seven cases all were created prior to the date that the Reform Act was passed by Congress.
 
 
 [4]
 It should be noted that the situation involved in these seven cases is even more extreme than that presented in Radford. In these cases, the result argued for by the bankrupts would serve to totally deprive the secured creditors of any rights in the property. In comparison, in Radford, the bankruptcy provision involved would have permitted the mortgagee to realize some value from its mortgage interest. 295 U.S. at 575-76, 594-95, 55 S.Ct. at 856-57, 865
 
 
 [5]
 We note that, not only has Radford never been overruled, either expressly or impliedly, but it has continued to be cited by the Supreme Court. See, e. g., Armstrong v. United States, 364 U.S. 40, 44, 80 S.Ct. 1563, 1566, 4 L.Ed.2d 1554 (1960)
 Not only has the Supreme Court continued to cite Radford, but the case was cited by the Congress with approval in the Congressional Reports dealing with the Bankruptcy Reform Act. S.Rep.No. 95-989, 95th Cong., 2d Sess. 76, reprinted in (1978) U.S.Code Cong. & Ad.News 5787, 5862 (footnote omitted). H.R.Rep.No.95-595, 95th Cong., 2d Sess. 361, reprinted in (1978) U.S.Code Cong. & Ad.News 5963, 6317.
 
 
 [6]
 In Wright, the Court upheld a law that merely postponed a mortgagee's right to foreclose on a mortgagor's property upon default. In effect, the Wright Court found that the law involved did not constitute a complete taking of the mortgagee's interest, but merely a postponement of the time at which the mortgagee could assert its rights. 300 U.S. at 456-62, 57 S.Ct. at 558-61
 In comparison, the application of Section 522(f)(2) which is sought by these debtors would result in a complete deprivation of the secured creditors' vested property rights. Further, it is to be noted that the Supreme Court, in Wright, did not overrule Radford. In fact, Radford is cited with approval in Wright. 300 U.S. at 456-57, 57 S.Ct. at 559.
 
 
 [7]
 In Kuehner, the right involved was a contract right of a landlord under a lease. 299 U.S. at 447, 57 S.Ct. at 299. The Court noted that there was "a significant difference between a property interest and a contract, since the Constitution does not forbid impairment of the obligation of the latter." Id. at 452, 57 S.Ct. at 301. Again, the Court cited with approval its earlier decision in Radford. Id. at 450-52, 57 S.Ct. at 300-01