In re Earl Leonard JOHNSON, Robin
Renae Johnson, Debtors.

Application of debtors to Avoid Lien of
AVCO Financial Services.

In re Kenneth Edward BLAYLOCK,
Sandra Ann Blaylock, Debtors.

Application of debtors to Avoid Lien of
Beneficial Finance Company.

In re Richard Wayne OLSON, Barbara
Ann Olson, Debtors.

Application of debtors to Avoid Lien of
AVCO Financial Services.

In re George Edward EDENS, Susan
Marie Edens, Debtors.

Application of debtors to Avoid Lien of
Farmers and Merchants State Bank
of Derby.

In re Kenneth Dale EVELAND, Sharon
Marie Eveland, Debtors.

Application of debtors to Avoid Lien
of Kinsley Bank.

In re Robert Peter MAINZER,
Jr., Debtor.

Application of debtor to Avoid Lien of
Beneficial Finance Company.

In re Billie Lynne LOY a/k/a Billie
L. Loy, Debtor.

Application of debtor to Avoid Lien of
Credithrift of America, Inc.

In re Dennis Paul BROWN, Patty Ann
Brown, Debtors.

Application of debtors to Avoid Lien of
Barclays American Financial.

In re Nolan Dee AUTRY, Pamela
Lynn Autry, Debtors.

Application of debtors to Avoid Lien of
Credithrift of America, Inc.

In re Ted Jennings LOWE, Debtor.

Application of debtor to Avoid Lien of
AVCO Financial Services.

In re Donald Ray BARTON, Sharon
Lynne Barton, Debtors.

Application of debtors to Avoid Lien of
AVCO Financial Services.

Bankruptcy Nos. 79–11998, 80–10155, 80–
10184, 80–10368, 80–11365, 80–11479, 80–
11932, 81–10038, 81–10188, 81–10403, 81–
10456.

United States Bankruptcy Court,
D. Kansas.

June 18, 1981.

**910**

Donald B. Clark, Wichita, Kan., for Kenneth and Sandra Blaylock, Dennis and Patty Brown, George and Susan Edens, Kenneth and Sharon Eveland, Earl and Robin Johnson, and Robert Mainzer, Jr.

Marjorie Wholey Haines, Wichita, Kan., for Nolan and Pamela Autry.

Marvin Cook, Wichita, Kan., for Billie Loy.

David M. Arnold, Wichita, Kan., for Richard and Barbara Olson.

J. Larry Linn, Wichita, Kan., for Ted Lowe.

Willard L. Thompson, Jr., Wichita, Kan., for Donald and Sharon Barton.

## ORDER CONSOLIDATING CERTAIN CASES AND DENYING APPLICATIONS TO AVOID LIENS

ROBERT B. MORTON, Bankruptcy Judge.

## APPEARANCES

On the debtors' applications to avoid liens pursuant to 11 U.S.C. § 522(f)(2) and the creditors' objections thereto.

AVCO Financial Services, creditor in four of the pending proceedings, appears by Malcolm C. Black, Esq.; Credithrift of America, Inc., creditor in two of the pending proceedings, and creditor Barclays American Financial appear by Martin E. Updegraff, Esq.; creditor Beneficial Finance Company, also creditor in two of the pending proceedings, appears in one proceeding by Martin E. Updegraff, Esq. and Artie E. Vaughn, Esq. and appears by Malcolm C. Black, Esq. in the other. William J. Wix, Esq. appears on behalf of creditor Farmers and Merchants State Bank of Derby. There was no appearance on behalf of creditor Kinsley Bank.

James R. Barr, Esq., Christopher J. Redmond, Esq., and Royce E. Wallace, Esq. appear in their capacities as trustees in the *Olson, Edens*, and *Autry* bankruptcies, respectively.

## STATEMENT OF THE CASE

All debtors seek to avoid nonpossessory and alleged nonpurchase-money liens[1] on certain property which has been exempted under section 522 of the Bankruptcy Code.[2] In each case, the security agreement granting the creditor security interest in the debtor's property was executed prior to October 1, 1979, the effective date of the 1978 Bankruptcy Reform Act, but after the Reform Act had been enacted on November 6, 1978.[3] The instant petitions for relief, however, were filed subsequent to October 1,

---

1. In light of the decision rendered herein, it is unnecessary for the court to consider the argument advanced by creditors in two of the instant proceedings that their liens are in part purchase-money liens because the liens, even if found to be nonpurchase-money, are nevertheless not avoidable.

2. 11 U.S.C. § 522.

3. Although four of the instant cases involve promissory notes and security agreements which are merely renewals of loans made prior to the Bankruptcy Code's November 6, 1978 enactment date, these renewals were executed sometime between November 6, 1978 and October 1, 1979, the Code's effective date, and, in at least one case, involved additional extensions of credit and covered additional items of collateral. Because these cases place in issue the constitutionality of 11 U.S.C. § 522(f)(2) as applied to liens created prior to October 1, 1979, they have been consolidated for decision with the other cases addressing this issue.

1979.[4] The creditors object to the attempted avoidance contending that section 522(f), if applied retroactively to avoid their liens, is unconstitutional. Because the cases have a common issue of law, they have been consolidated for decision pursuant to Rule 42 of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings by Bankruptcy Rule 742.

## MEMORANDUM

The instant cases place in issue the constitutionality of section 522(f)(2) as applied to liens created during the "interim" period between the enactment date and effective date of the 1978 Bankruptcy Reform Act. The Court of Appeals for the Tenth Circuit in *Rodrock v. Security Industrial Bank*, 642 F.2d 1193, 7 B.C.D. 344 (10th Cir. 1981), held that Congress intended for section 522(f)(2) to be retroactively applied. "[W]e conclude that Congress intended for substantive provisions of the Reform Act, such as section 522(f)(2), to be given retroactive effect to the end that such statutory provisions govern security interests that came into being before the effective date of the Reform Act." 642 F.2d 1193, 7 B.C.D. at 347. The court of appeals further determined that section 522(f)(2) could not, under the fifth amendment, be applied to a creditor's security interest in specific property acquired prior to the *enactment* date of the Reform Act. The court did not, however, determine the constitutionality of an application of that section to nonpossessory, nonpurchase-money liens created during the "interim" period.

■ This court, of course, is bound by the decision in *Rodrock*, and therefore, must presume that Congress intended for section 522(f)(2) to apply to the liens in question, although the instant petitions for relief were not filed until after the Code's effective date. Thus, the issue confronting this court is whether application of that section to liens created during the "interim" (also referred to as the "gap") period is constitu-

tional. Numerous other courts have expressed divergent views on this issue. *See, e. g., In re Bibb*, 10 B.R. 40, 3 Bankr.L.Rep. (CCH) ¶ 67,797 (Bankr.Ct.E.D.Mich.1981); *In re Seiler*, 8 B.R. 542, 3 Bankr.L.Rep. (CCH) ¶ 67,876 (Bankr.Ct.W.D.Okla.1981); *In re Teske*, 9 B.R. 18, 3 Bankr.L.Rep. (CCH) ¶ 67,844 (Bankr.Ct.E.D.Va.1981); *In re Head*, 4 B.R. 521, 6 B.C.D. 489 (Bankr.Ct. E.D.Tenn.1980). Some courts that have held section 522(f)(2) cannot constitutionally be applied to liens created prior to the Bankruptcy Code's effective date have found *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935), to be dispositive of the issue. *See, e. g., In re Bibb*, 10 B.R. 40, 3 Bankr.L. Rep. (CCH) ¶ 67,797 (Bankr.Ct.E.D.Mich. 1981); *In re Groves*, 9 B.R. 775, No. 10 Mc 1736 (Bankr.Ct.E.D.Colo., March 10, 1981); *In re Lucero*, 4 B.R. 659, 6 B.C.D. 477 (Bankr.Ct.D.Colo.1980).

■ In *Radford*, the United States Supreme Court held unconstitutional a retroactive amendment to the Bankruptcy Act of 1898 (the Frazier-Lemke Act of 1934) which provided that a defaulting mortgagor of farm property could retain possession of the mortgaged real property for up to five years by paying a reasonable rental to the mortgagee. At the expiration of five years, the mortgagor could redeem the real property at its then appraised value. The court concluded that the amendment took from the creditor rights in specific property without just compensation and, therefore, violated the constitutional right afforded the creditor under the fifth amendment. The court in *Rodrock* relied on *Radford* in determining that section 522(f)(2) of the Code would result in an unconstitutional taking of the creditors' rights.

> Congress could not take for the debtor's benefit rights in specific property acquired by a creditor prior to the amendment of the Bankruptcy Act. In the instant cases, the creditors acquired rights in specific property prior to the

---

4. Debtors Nolan and Pamela Autry filed their petition for relief under Chapter 13 of the Bankruptcy Code, whereas the remaining debt-

ors have filed under Chapter 7 of the Code. This distinction, however, is not an element in the court's decision.

enactment of the Reform Act, and under *Radford*, these vested rights cannot be taken from the creditor for the benefit of the debtor . . . .

. . . Such cases as *Wright v. Vinton Branch of the Mountain Trust Bank of Roanoke*, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937) and *Kuehner v. Irving Trust Co.*, 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340 (1937) [sic] may well refine the rule of *Radford*, but they do not destroy the fundamental teaching of *Radford* that Congress may not under the bankruptcy power completely take for the benefit of a debtor rights in specific property previously acquired by a creditor. *Rodrock v. Security Industrial Bank*, 642 F.2d 1193, 7 B.C.D. at 347 (footnotes omitted).

In the present cases, the creditors acquired substantive rights in specific property prior to the date the new law became *effective*. At least two courts have reasoned that retroactive application of section 522(f) as to liens created during the "interim" period is constitutional because, once the 1978 Bankruptcy Reform Act was enacted, creditors were charged with the knowledge that their liens could be affected. *See In re Steinart*, 4 B.R. 354, 6 B.C.D. 623, 625 (Bankr.Ct.W.D.La.1980); *In re Head*, 4 B.R. 521, 6 B.C.D. 489, 491 (Bankr. Ct.E.D.Tenn.1980). This court, however, cannot subscribe to this view. There is nothing in the Reform Act to place a creditor on notice that a lien created during the "interim" period would be subject to the debtor's avoiding powers under section 522(f)(2). Indeed, the contrary is indicated.

11 U.S.C. § 402 provides that "except as otherwise provided in this title, *this Act shall take effect on October 1, 1979*" (emphasis added). A creditor with knowledge of this provision could reasonably and justifiably conclude that a debtor has no power to avoid liens created *prior* to the identified effective date of October 1, 1979. "All contracting parties are clearly on notice of the Code's effective date. It offends 'due proc-

ess' to superimpose such avoiding power on contracts made prior to the Code's *identified effective date*." *In re Seiler*, 8 B.R. 542, 3 Bankr.L.Rep. (CCH) ¶ 67,876 (Bankr. Ct.W.D.Okla.1981) (emphasis added).

Even the most careful reading of section 522(f) would not place a creditor on notice of its intended retroactive application.

■ 11 U.S.C. § 522(f) states:
Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs *an exemption* to which the debtor would have been entitled *under subsection (b) of this section* . . . . (emphasis added).[5]

"It was pursuant to § 522 that the federal exemptions were created. Since the federal exemptions were not effective until October 1, 1979, no lien could impair them until that date. Newly created exemption laws are inapplicable to property rights theretofore acquired by pre-existing creditors. *See Bank of Minden v. Clement*, 256 U.S. 126, 41 S.Ct. 408, 65 L.Ed. 857 (1921)." *Schulte v. Beneficial Finance of Kansas, Inc.*, 8 B.R. 12, 7 B.C.D. 231, 233 (Bankr.Ct.D.Kan.1980). Creditors were entitled to rely upon the plain purport of the exemption and effective date provisions of the Reform Act: Until the federal exemptions came into future existence (on the specified effective date of the Reform Act) property *then* could be consensually impressed with valid and enforceable nonpossessory, nonpurchase-money liens.

But while placing no impediments on the acquisition of such property rights during the "interim", Congress, at the same time, intended that those rights could be later vitiated.

The rule of *Radford* remains binding and dispositive of the issue here presented. The creditors properly acquired substantive rights in specific property prior to the date the new law became effective. "Legislation which effects the total deprivation of

---

**5.** The negative corollary is important. The avoidance is not applicable to just *any* exempt property but *only that exempt under section 522.*

such rights is unreasonable and has never been countenanced by the Supreme Court." *In re Lucero*, 4 B.R. 659, 6 B.C.D. 477, 478 (Bankr.Ct.D.Colo.1980). The court, therefore, determines that only liens created subsequent to October 1, 1979 may be avoided by the debtor under 11 U.S.C. § 522(f). The debtors' applications to avoid the instant liens of the creditors are denied.

IT IS SO ORDERED, at Wichita, Kansas this 18th day of June, 1981.