## LIBERTY LOAN CORPORATION, Plaintiff,

v.

## Isabelle and Milton MORELAND, George Lee and Ruby Lee Reece Samuel, Defendants.

### Civ. A. No. J81–0148(R).

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 10, 1982.

W.E. McLellan, III, Jackson, Miss., for plaintiff.

Harlan H. Varnado, Jackson, Miss., for defendants.

## OPINION

DAN M. RUSSELL, District Judge.

This case derives from two actions in which the facts were essentially the same. The actions were consolidated for procedural convenience.

In brief, the fact situations before this Court are as follows:

On November 26, 1977, the defendants Moreland executed a promissory note to the plaintiff, Liberty Loan Corporation, and granted the lender a security interest in household goods and furnishings.

On October 4, 1978, the defendants Samuel executed a promissory note to the plaintiff, Liberty Loan Corporation, and granted the lender a security interest in household goods and furnishings.

The Morelands filed a Chapter 7 petition for relief under the Bankruptcy Code on March 14, 1980. The Samuels filed a similar petition on February 26, 1980. It should

be noted at this point that the effective date of the Bankruptcy Reform Act of 1978 was October 1, 1979. At the meeting of creditors, Liberty Loan was informed that pursuant to 11 U.S.C. § 522(f)[1] their secured claim on the household goods and furnishings would be avoided. In both cases, the claim was a nonpossessory, non-purchase money security interest. Liberty Loan Company filed complaints seeking validation of the security interests, contending that a retrospective application of Section 522(f) constitutes the taking of property without due process in violation of the Fifth Amendment of the Constitution.

The sole issue before the Bankruptcy Court was therefore whether the application of 11 U.S.C. § 522(f) to security interests obtained prior to the effective date of the Bankruptcy Reform Act of 1978 violates the Fifth Amendment.

Considering this issue, the Bankruptcy Court found that the plaintiff, Liberty Loan Corporation, failed to overcome the strong presumption that congressional legislation is constitutional. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). The Bankruptcy Court was therefore forced to apply 11 U.S.C. § 522(f) to the security interests involved in the two cases before it, thereby avoiding them. However, the lower court did point out that it is the responsibility of an appellate court to declare legislation unconstitutional.

The United States Supreme Court considered a situation identical to the one *sub judice* in *United States v. Security Industrial Bank*, —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (U.S.1982), *affirming* 642 F.2d 1193 (10th Cir.1981). In an opinion by Justice Rehnquist, the Court held that "[n]o bankruptcy law shall be construed to eliminate property rights which existed before the law was enacted in the absence of an explicit command from Congress." —— U.S. at ——, 103 S.Ct. at 414. Since the Court determined that there was no clear expression of intent by Congress to apply 11 U.S.C. § 522(f)(2) in such a manner, the Court declined "to construe the Act in a manner that could in turn call upon the Court to resolve difficult and sensitive questions arising out of the guarantees of the takings clause." —— U.S. at ——, 103 S.Ct. at 414.

Since the United States Supreme Court has determined that 11 U.S.C. § 522(f)(2) was not intended to be retrospectively applied, thus destroying pre-enactment property rights, the security interests in the instant case should not have been avoided by the Bankruptcy Court.

Therefore, it is the opinion of this Court that the Order entered by the Bankruptcy Court on January 28, 1981, which held 11 U.S.C. § 522(f) constitutional as applied to liens vesting prior to the effective date of the Bankruptcy Reform Act of 1978 should be and hereby is reversed. The finding of the Bankruptcy Court with respect to attorney's fees will remain in effect. An order in accordance with the opinion of this Court shall be submitted as provided by the local rules.

---

1. 11 U.S.C. § 522(f) provides: .

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

\* \* \* \* \* \*

(2) a nonpossessory, nonpurchase-money security interest in any

(A) household furnishings, household goods, wearing apparel, appliances ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;