**In re EIGHTY SOUTH LAKE, INC., Debtor.**

**EIGHTY SOUTH LAKE, INC., and Scott B. Whitenack, Appellants,**

v.

**BANK OF AMERICA N.T. & S.A., and United States Trustee, Appellees.**

BAP No. CC 86–1738 MoVJ.
Bankruptcy No. LA 85–17785–LF.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Sept. 17, 1987.

Decided Nov. 4, 1987.

---

Scott B. Whitenack, Financial Legal Corp., Thousand Oaks, Cal., for appellants.

Richard T. Peters, Sidley & Austin, Los Angeles, Cal., for appellees.

Before MOOREMAN, VOLINN and JONES, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This appeal arises out of the trial court's order awarding sanctions in favor of Bank of America in the amount of $18,960. We AFFIRM.

## FACTS

The debtor's attorney prepared and filed a voluntary Chapter 11 petition on behalf

of the debtor Eighty South Lake, Inc. Soon after the filing, the appellees filed separate motions to dismiss and Bank of America ("Bank") requested sanctions, alleging the bad faith of the debtor and its attorney ("appellants"). At the conclusion of the three day evidentiary hearing on the motion, the trial court determined that the filing "lacked good faith" and took the issue of sanctions under advisement. E.R. # 6 at 18. An order dismissing the case was entered on February 28, 1986. In the order, the trial court set forth *inter alia* the following language:

> ORDERED that this Court expressly *reserves jurisdiction* for purposes of issuing and entering findings of fact, conclusions of law, opinion, memorandum decision or order to be issued and entered herein by this Court and for purposes of protecting and implementing the provisions of this order.

E.R. # 7 at 3 (emphasis supplied).

On July 29, 1986, seven months after the original dismissal, the trial court issued a Memorandum Decision and Order Re Sanctions. The order awarded sanctions to the Bank against the appellants, jointly and severally, in the amount of $18,960. E.R. # 8, # 9. From this order, the appellants filed a timely notice of appeal.

## ISSUES

There are essentially three issues before this Panel. First, whether the trial court had jurisdiction to enter an order for sanctions following the order of dismissal. Second, whether the appellants received sufficient notice of the request for sanctions to satisfy the requirements of procedural due process. Finally, whether the trial court adequately considered the sanctioned parties' ability to pay in calculating the amount of the sanctions awarded.[1]

## DISCUSSION

### I. Jurisdiction

The appellants argue that the trial court failed to reserve jurisdiction for the pur-

---

1. Because the order dismissing the debtor's petition was not appealed, the Bankruptcy Court's finding that the petition was filed in bad faith is not before this Panel. A complete discussion of

the facts surrounding this appeal is set forth in the published decision of the trial court. *In re Eighty South Lake, Inc.,* 63 B.R. 501 (Bankr.C.D. Cal.1986).

pose of awarding sanctions and thus lacked jurisdiction to enter such an order after the dismissal order had been entered.

■ In the instant case, the motion for sanctions was brought as part of the initial motion to dismiss the bankruptcy case. At the hearing on the motion, the bankruptcy court properly received evidence on the issue of imposing sanctions. Indeed, Bankr. Rule 9011 requires that the bankruptcy court impose sanctions upon finding bad faith:

> (a).... If a document is signed in violation of this rule, the court on motion or on its own initiative, *shall* impose on the person who signed it, the represented party, or both, an appropriate sanction, which *may* include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankr.Rule 9011(a) (emphasis supplied). Thus, it was clearly within the bankruptcy court's jurisdiction to enter a decision on the matter. The fact that the sanctions order was entered some time after the dismissal order did not deprive the bankruptcy court of jurisdiction to make a final decision on the matter that was already properly before it. Further, while lengthy delay is to be avoided, here it was not prejudicial and to some extent is attributable to the increasingly heavy bankruptcy case load in the Ninth Circuit.

The fact that the bankruptcy court had taken the issue of sanctions under advisement was evident from the record. The court stated at the conclusion of the hearing on the matter:

> based upon the evidence presented I find that this filing was in bad faith. I will order it dismissed.... [the evidence] requires careful delineation of the findings and so forth, and *I will be therefore preparing a memorandum decision.* I am inclined, although I have not finally decided, to award some attorney's fees in this matter. They would be in an amount significantly less than requested

because I think that it's likely much of the discovery here will be of use and does relate to other pending proceedings, and wasn't precisely in connection with this matter. But as I say, *I have not made a final decision on the sanction issue and that will also be part of the memorandum decision.*

E.R. #6 at 18 (emphasis supplied). The bankruptcy court entered the order dismissing the case on February 28, 1986. The order provided that the court reserved jurisdiction to issue a memorandum decision implementing the provisions of the order.

To hold that the bankruptcy court did not have jurisdiction to enter the Memorandum Decision and Order Re Sanctions would require all bankruptcy judges to postpone the filing of a dismissal order until the process of preparing the Memorandum Decision had been completed. Considering the ever increasing number of cases being brought before the bankruptcy courts, the unwarranted delay in the entering of the dismissal order would elevate form over substance, and could result in parties' rights being jeopardized.

For the above reasons, we hold that the trial court retained jurisdiction to enter the order of sanctions against the appellants.

## II. Due Process

■ The appellants also argue that they were denied notice and an opportunity for a hearing on the issue of sanctions. This argument is without merit. Although the Trial Judge stated at the hearing, "I will give both parties an opportunity to comment on [the final decision]," it is clear that the appellants were given adequate notice of the appellee's intentions of seeking sanctions on the basis of a bad faith filing, and were given an opportunity to present their opposition to the request for sanctions.

The Bank requested sanctions in a formal pleading more than twenty (20) days prior to the conclusion of the hearings on the motion to dismiss. Further, the appellants filed a response in opposition to the request for sanctions. E.R. #5. Also, at the conclusion of the hearings on the motion to dismiss, the appellants argued that imposing a sanction in the form of attor-

ney's fees was inappropriate, and that the attorney's fees requested were unreasonable. E.R. # 6 at 14–15.

Due Process requires reasonable notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In this case, the appellants clearly had both.

### III. Amount of Sanctions Awarded

 Finally, the appellants contend that the bankruptcy court erred in calculating the award of sanctions. A trial court's imposition of sanctions is reviewed for an abuse of discretion. *In re Rubin,* 769 F.2d 611, 615 (9th Cir.1985); *In re Rice,* 14 B.R. 843, 846 (9th Cir. BAP 1981).

■ The appellants argue that the trial court "failed to have a hearing requesting information on the sanctioned party's ability to pay." Appellants' Brief at 8. The appellants cite no authority that would require a trial court to hold such a hearing. Further, it is clear from the bankruptcy court's order that the appellants' ability to pay was considered and taken into account when calculating the amount. The Bank initially sought over $100,000 in attorneys' fees. However, the court stated:

> [t]his deterrent effect depends in part upon the sanctioned party's ability to pay. The greater the means an attorney has to pay sanctions, the greater the award must be to deter such future behavior and *vice versa.*
>
> ... To estimate the *absolute minimum* number of hours expended on the purely bankruptcy issues, the amount of courtroom time provides a quantifiably definite and logical starting point.
>
> ... Undoubtedly, more than two or three times the bare minimum calculated above was necessary to prepare and litigate this case properly. However, the right to compensation must be balanced with the ability of the sanctioned attorney (and, here, his client) to pay. Debtor's attorney is a sole practitioner. An Award of Movants' total fees for the

time spent exclusively on bankruptcy issues (probably in excess of $150,000) would be punitive and beyond the remedial scope of Rule 9011.

E.R. # 8 at 24–26.

Based on the facts of the instant case, and the undisputed evidence of the appellants' bad faith filing, the appellants have failed to show that the bankruptcy court "committed a clear error of judgment" by imposing sanctions of $18,960 upon the appellants.[2] *Mission Indians v. American Management & Amusement, Inc.,* 824 F.2d 710, 724 (9th Cir.1987).

Finally, the Bank requests that additional sanctions be considered by the Appellate Panel, arguing that this appeal is "frivolous." However, it does not appear that appellants' arguments are "wholly without merit." *Hewitt v. City of Stanton,* 798 F.2d 1230, 1233 (9th Cir.1986).

Based on the foregoing, the bankruptcy court's order imposing sanctions upon the appellants is AFFIRMED.

---

**2.** The $18,960 amount was computed by "estimat[ing] the absolute minimum number of hours expended on the purely bankruptcy issues." E.R. # 3 at 26. This was calculated by determining the "amount of [bankruptcy] courtroom time" and adding "two hours for preparation for each hour in the courtroom." *Id.*