**In re EPCO NORTHEAST,
INC., Debtor.**

**Bankruptcy No. 89–20938T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 30, 1990.

Louis J. Carter, Philip P. Kalodner, Philadelphia, Pa., for Levin.

Michael J. Halprin, Volunteers of America, Collingswood, N.J., Russell D. Henkin, Paul R. Rosen, Spector, Cohen, Gadon & Rosen, Philadelphia, Pa., for debtor.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is a motion filed by Norman Levin ("Levin") requesting that we impose sanctions upon debtor and counsel for debtor under B.R. 9011 for improperly filing this chapter 11 petition. This chapter 11 case was dismissed with debtor's consent but we retained jurisdiction to resolve the motion for sanctions, which was filed by Levin simultaneously with his motion to dismiss. *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Eighty South Lake, Inc. v. Bank of America N.T. & S.A. (In re Eighty South Lake, Inc.)*, 81 B.R. 580 (9th Cir.B.A.P.1987). Because we conclude that debtor, debtor's President and debtor's counsel knew or reasonably should have known that there was no legitimate basis for filing this chapter 11 petition, we grant Levin's motion for sanctions.

■ Before discussing the merits of the sanctions motion, we must first address counsel for debtor's belated request for an additional hearing to present testimony on the underlying question of whether sanctions should be imposed under B.R. 9011. For the reasons that follow, we deny this request.

In *Jones v. Pittsburgh National Corporation*, 899 F.2d 1350 (3rd Cir.1990), the Third Circuit Court of Appeals held that an attorney must be given particularized notice of, and *some* opportunity to respond to, charges requesting that sanctions be imposed against him. The Third Circuit further stated that the circumstances of each case dictate the type of "opportunity to respond" that must be afforded the respondent in a sanctions action. The court then indicated that in certain situations "... an evidentiary hearing may be necessary to

resolve disputes of material fact when the cold record may not disclose the full story ..." *Id.* at 1359.

To date, three hearings have been held on Levin's motion for sanctions. Counsel for debtor had ample opportunity at all of these hearings to present testimony on the underlying sanctions liability issue. Instead, he chose to focus on questioning Levin's counsel regarding the particulars of their time records and presented only *argument* (which is not evidence) on the underlying question of whether sanctions are mandated under B.R. 9011. In our opinion, counsel for debtor should have addressed the underlying B.R. 9011 liability issue before advancing his attack on opposing counsel's time records. Given the history of this case, we suspect that counsel for debtor's belated request for another hearing is motivated by a desire to further delay these proceedings rather than a need to present crucial evidence. Regardless, counsel for debtor was provided with more than adequate opportunity to present evidence on this issue and chose not to. Therefore, we conclude that the due process requirements outlined in *Jones v. Pittsburgh National Corporation,* 899 F.2d 1350, have been satisfied in this case and we deny counsel for debtor's request for an additional hearing.

■ We now turn to the merits of the sanctions motion. B.R. 9011 incorporates the requirements of Fed.R.Civ.P. No. 11 and mandates that sanctions be imposed against a party and/or his counsel when they sign a paper in violation of the requirements outlined in the rule. B.R. 9011, like Fed.R.Civ.P. No. 11, does not require a finding of bad faith, but instead tests the respondent's objective knowledge or belief regarding the veracity of the factual allegations contained in the paper and the legal basis for the relief requested at the time the paper was filed. *See, Jones v. Pittsburgh National Corporation,* 899 F.2d at 1359; *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir.1986); *In re Eighty South Lake, Inc.,* 63 B.R. 501, 507 (Bankr. C.D.Cal.1986); *aff'd,* 81 B.R. 580 (9th Cir.B. A.P.1987). In the bankruptcy context, the

issue becomes "... whether, 'after reasonable inquiry,' this chapter 11 filing is 'well grounded in fact and is warranted by existing law,' or whether it was 'interposed for any improper purpose.'" *In re Eighty South Lake, Inc.,* 63 B.R. at 507.

■ Instantly, Levin maintains that sanctions are required under B.R. 9011 because debtor's chapter 11 petition was filed, not for the legitimate purpose of reorganizing, but instead to delay pending state court litigation and arbitration proceedings involving debtor, another company and individuals related to debtor and Levin. To support this claim, Levin argues that debtor is a shell corporation which had no assets and no business to reorganize. Levin relied upon debtor's petition and schedules (which debtor stipulated could be made part of the record in this proceeding) to prove these points. Debtor's petition listed assets of $25,000.00 and two creditors—namely, Levin, who was owed an unknown amount and Sunoco, which was owed approximately $2,000.00. Debtor's schedules, however, were filed one month after the petition and listed no assets and only one creditor—Levin—and stated that no income tax return was ever filed on behalf of debtor. Through argument, not testimony, counsel for debtor attempted to justify these discrepancies by alleging that at the time the petition was filed, debtor was receiving income from another company but that this source of income had ceased by the time the schedules were filed. We find this argument unconvincing and conclude that debtor is a shell corporation which never operated a business or had any assets and which had neither the ability nor the need to reorganize at the time it filed its chapter 11 petition.

Counsel for debtor also argued that debtor was a proper candidate for chapter 11 relief because a related non-debtor corporation intended to give debtor money to fund a plan and because debtor desired to reject the executory contract it held with Levin. We conclude that neither of these arguments justify filing a chapter 11 petition if no legitimate reorganization purpose exists. In fact, debtor admitted in paragraph

18(b) of its answer to Levin's motion that "... the purpose of this bankruptcy, *inter alia,* is first to put an end to the spiraling litigation which has grown like topsy as described above (to wit, the arbitration proceedings and the State Court proceedings), and to centralize and resolve this dispute in one Court, before one Judge ..." Clearly, this is not a legitimate reason, by itself, for filing a chapter 11 petition, especially where reorganization is not needed or possible. In *Cinema Service Corporation v. Edbee Corporation,* 774 F.2d 584 (3rd Cir. 1985), the Third Circuit Court of Appeals affirmed an award of sanctions imposed against the debtor for improperly filing a chapter 11 petition. The facts in *Cinema Service* are strikingly similar to the facts presented in the case before us in that the debtor had only one creditor, was not operating a business and filed its chapter 11 petition only to delay a sheriff sale. The Third Circuit affirmed the bankruptcy court's decision to impose sanctions against the debtor under B.R. 9011 and reported that, as in the case before us, counsel for the debtor conceded that the chapter 11 petition was filed so the debtor could obtain a reconciliation of what it owed. The Third Circuit Court of Appeals stated:

> Ascertainment of the correct standing of accounts between two parties, particularly when both hold state judgments, is a matter for resolution in state court. The controversy did not involve any other creditor of the debtor, and the dispute clearly was not a proper subject for invocation of a bankruptcy proceeding.

*Id.* at 586.

Similarly, the Bankruptcy Court for the Middle District of Florida imposed sanctions upon counsel for the debtor under B.R. 9011 where a chapter 11 petition was filed on behalf of a company which, like debtor, had no employees, assets or income and listed only one creditor in its schedules. *Matter of Indian Rocks Landscaping of Indian Rocks Beach, Inc.,* 77 B.R. 909 (Bankr.M.D.Fla.1987). The court concluded that the debtor filed its chapter 11 petition merely to delay a state court eviction action and to gain the protection of the automatic stay and that the debtor had neither the need not the ability to reorganize. In imposing sanctions upon counsel for the debtor, the court stated that "... [counsel] very well knew or should have known that there was no legitimate basis supporting the filing of the Petition." *Id.* at 912.

■ Likewise, in the case before us, we find that debtor is a shell corporation with no assets or income and only one creditor. We further find that debtor never operated a business and therefore, had neither the ability nor the need to reorganize when it filed its chapter 11 petition. Rather, we conclude that debtor filed its chapter 11 petition solely to delay and complicate the pending state court litigation and arbitration proceeding.[1] Accordingly, we find that debtor, debtor's President and debtor's counsel failed to make a reasonable inquiry to determine that the chapter 11 filing was well grounded in fact and warranted by existing law and was not filed for an improper purpose and we grant Levin's motion for sanctions.[2]

An appropriate order follows.

1. Hence, we conclude that unlike the conduct of the respondents in *In re International Mobile Advertising Corp.,* 117 B.R. 154 (Bankr.E.D.Pa. 1990), the conduct of debtor, debtor's President and debtor's counsel in filing and maintaining this chapter 11 case cannot be justified under the objective standard set forth in B.R. 9011.

2. In *Pavelic & Le Flore v. Marvel Entertainment Group,* — U.S. —, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), the United States Supreme Court held that sanctions under Fed.R.Civ.P. No. 11 may not be imposed against a law firm, but rather may only be imposed against the individual attorneys who signed the papers in question. Accordingly, we shall impose sanctions only against debtor, debtor's President (who signed the petition) and those attorneys who signed pleadings or other papers on behalf of debtor in this case. In determining the amount of sanctions to be awarded, we first note that we reject counsel for debtor's argument that the sanctions award should not include compensation to Levin's counsel for time spent discussing or researching the ramifications of the bankruptcy filing on the state court litigation and the arbitration proceeding. Because this work would not have been necessary had the bankruptcy petition not been filed, we find this time compensable. However, we also conclude that the time spent by Levin's counsel on various re-

## ORDER

AND NOW, this 30th day of August, 1990, it is ORDERED that: (1) the motion filed by Norman Levin requesting that sanctions be imposed against debtor and counsel for debtor under B.R. 9011 is GRANTED; and (2) sanctions are hereby imposed against debtor, Richard Davidov, Michael J. Halprin, Esq., Russell D. Henkin, Esq. and Paul R. Rosen, Esq., jointly and severally, in the total amount of $14,178.82.

search, pleading preparation and review and telephone conferences is excessive. Hence, we reduce the amount of sanctions requested and impose sanctions against debtor, the President of debtor and the individual counsel for debtor named in the attached order in the amount of $14,178.82. We note that we have indicated by checkmark on counsel for Levin's time records the specific items we found excessive. A double checkmark indicates the entire item was disallowed. A single checkmark indicates that the item was partially disallowed. The amount of time disallowed for each item appears next to the single checkmark.