26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re REALTY TRUST CORPORATION, Debtor.
Gregorio P. CASTRO; Terecita C. Dela Cruz; Estefania C.
Chong, et al., Creditors-Appellants,
v.
JAMES J. FEDER & ASSOCIATES; Carlsmith Ball Wichman Murray
Case Mukai & Ichiki, Real Parties in Interest-Appellees.
 No. 93-15181.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 24, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Various creditors appeal the district court's reconsideration under Fed.R.Civ.P. 60(b) of an order awarding sanctions against James J. Feder & Associates and Carlsmith Ball Wichman Murray Case Mukai & Ichiki, and its denial of the motion for sanctions. This court has jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 158(d). We affirm.
 
 
 3
 * We review a trial court's grant of a Rule 60(b) motion for abuse of discretion. In re Hammer, 940 F.2d 524, 525 (9th Cir.1991). We also review an order vacating sanctions pursuant to Bankruptcy Rule 9011 for abuse of discretion just as we do the imposition of Rule 11 sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.) (language of Bankruptcy Rule 9011 and Rule 11 are virtually identical so courts construing the former rely on Rule 11 cases), cert. denied, 112 S.Ct. 94 (1991).
 
 
 4
 When determining whether a Chapter 11 filing was warranted by existing law or a good faith extension of it, we need not decide open questions of law for this circuit. For this inquiry, the law firms' arguments are not sanctionable if they are "defensible," Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986), in that there is no law in this court or the Supreme Court precluding them.
 
 II
 
 5
 Creditors argue that the district court abused its discretion by granting the law firms relief under Rule 60(b) and Bankruptcy Rule 9024 because all of the contentions raised on reconsideration could have been raised in a proper opposition. While the district court acknowledged that the law firms' decision not to oppose the sanctions motion (on the footing that the court lacked jurisdiction to entertain it) was surprising, it nevertheless found that the jurisdictional objection was an unresolved question of law having to do with the applicability of Cooter & Gell to involuntary dismissals and the applicability of Bankruptcy Rules 9014 and 7004 to Bankruptcy Rule 9011 motions, and that, given the totality of the circumstances, including the amount of potential monetary liability and the lawyers' representations about their own interpretations of the open legal questions, failing to respond to the motion constituted mistake, inadvertence or excusable neglect. Because Rule 60(b) is to be "liberally applied," and "where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment," In re Hammer, 940 F.2d at 525, we cannot say this was an abuse of discretion.
 
 III
 
 6
 Creditors argue that the conduct of the debtor and its attorneys was sanctionable for several reasons. First, they say the Chapter 11 filing was neither well grounded in fact nor warranted by existing law or a good faith extension of it because Realty Trust was not an ongoing business and was not capable of rehabilitation. However, "the Code contains no 'ongoing business' requirement for Chapter 11 reorganization." Toibb v. Radloff, 111 S.Ct. 2197, 2202 (1991). In re Epco Northeast, Inc., 118 B.R. 267 (Bankr.E.D.Pa.1990), upon which creditors rely, is not persuasive both because it was later vacated, 127 B.R. 341, 342 (Bankr.E.D.Pa.1991), and because it was decided prior to Toibb. In any event, there is substantial authority that a dissolved corporation may file a Chapter 11 petition, provided it continues to exist under the law of the state of incorporation for the purpose of winding up its affairs. See, e.g., In re Cedar Tide Corp., 859 F.2d 1127, 1131-32 (2d Cir.1988), cert. denied, 490 U.S. 1035 (1989); In re Martin-Trigona, 760 F.2d 1334, 1342 (2d Cir.1985); In re Feature Homes, Inc., 116 B.R. 731, 733 (Bankr.E.D.Cal.1990).
 
 
 7
 Next, creditors argue that liquidation is not a permissible goal in Chapter 11. As the district court held, the debtor's business need not be capable of rehabilitation. Indeed, this is contrary to 11 U.S.C. Secs. 1123(b)(4) and 1129(a)(11)'s provisions for sale of the debtor's entire estate or liquidation of the debtor's business. In re Sandy Ridge Dev. Corp., 881 F.2d 1346, 1352 (5th Cir.1989); see also In re Martin-Trigona, 760 F.2d at 1342-43; In re Aurora Inv., Inc., 134 B.R. 982, 984-85 (Bankr.M.D.Fla.1991).
 
 
 8
 Creditors finally suggest that Realty Trust's purpose for filing the Chapter 11 bankruptcy petition--choosing one forum where Realty Trust could quickly and efficiently resolve all the Article XII claims against it and wind up its affairs--was improper since it amounted to nothing more than forum-shopping.[1] Several courts have held that requesting reorganization under Chapter 11 in order to resolve legal disputes with third parties pending in state courts is a valid purpose. See In re The Bible Speaks, 65 B.R. 415 (Bankr.D.Mass.1986); In re Johns-Manville Corp., 36 B.R. 727, 735-37 (Bankr.S.D.N.Y.), appeal denied, 39 B.R. 234 (S.D.N.Y.1984). No law in this circuit is to the contrary. The district court found that the debtor's attempt to resolve all outstanding Article XII claims against it in a single proceeding "has an elegant simplicity." It also noted that the issues involving In re Realty Trust Corp. were unusual and unresolved. We cannot say that it abused its discretion in finding that filing the petition or the notice of removal does not rise to the level of bad faith.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Creditors cite as their primary support Epco Northeast and In re Hargis, 73 B.R. 622 (Bankr.N.D.Tex.1987), rev'd, 887 F.2d 77, 78 (5th Cir.1989), which would not be binding on this court even if they were not reversed or vacated. The same holds true for In re Omega Trust, 110 B.R. 665 (Bankr.S.D.N.Y.), aff'd in part and remanded in part, 120 B.R. 265 (S.D.N.Y.1990) and In re Crestwell, 30 B.R. 619 (Bankr.D.C.1983), upon which they also rely