999 F.2d 753
 29 Collier Bankr.Cas.2d 629, 26 Fed.R.Serv.3d 737
 In re John Webster FLANAGAN, Appellant,
Charles J. Dehart, III, Trustee.
In re Joseph Francis VALVERDE, Appellant,
Charles J. Dehart, III, Trustee.
In re Michael SAVICH, Appellant,
Charles J. Dehart, III, Trustee.
 Nos. 92-7438 through 92-7440.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
May 17, 1993.
 Decided July 27, 1993.
 
 John Webster Flanagan, pro se.
 Joseph Francis Valverde, pro se.
 Michael Savich, pro se.
 James J. West, U.S. Atty., Robert R. Long, Jr., Asst. U.S. Atty., Joseph J. Terz, Office of U.S. Atty., Harrisburg, PA, for U.S.
 James J. West, U.S. Atty., Robert R. Long, Jr., Asst. U.S. Atty., Harrisburg, PA, for Joseph J. Terz.
 Present: SLOVITER, Chief Judge, HUTCHINSON and ROTH, Circuit Judges.
 OPINION OF THE COURT
 HUTCHINSON, Circuit Judge.
 
 
 1
 Appellants, John W. Flanagan, Joseph F. Valverde and Michael Savich, prisoners proceeding pro se,[1] appeal orders of the United States District Court for the Middle District of Pennsylvania dismissing as untimely their appeals from Chapter 13 bankruptcy court orders. The bankruptcy court dismissed without prejudice their petitions under Chapter 13 of the Bankruptcy Code for failure to meet the § 109(e) income requirements for relief under that Chapter. The district court dismissed their appeals as untimely because their joint notice of appeal was not received and stamped filed by the Clerk of the Bankruptcy Court until eight days after the ten-day period that Bankruptcy Rule 8002 allows for filing an appeal. The prisoners assert that their deposit of the notice of appeal with prison authorities for forwarding to the clerk within the ten days allowed should be deemed a timely filing.
 
 
 2
 All three prisoners' cases present the question whether the rule announced in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) applies to a pro se prisoner's appeal to a district court from an order of a bankruptcy court. This is an issue of first impression in this Court.
 
 
 3
 For the reasons that follow, we hold that the rationale of Houston controls this case and that the prisoners' notice of appeal was timely filed when it was deposited with prison officials, addressed to the clerk with postage prepaid, on the last day for filing. Accordingly, we will vacate the order of the district court and remand for further proceedings consistent with this opinion. We also hold the district court erroneously considered Savich's appeal of the bankruptcy court's order denying his motion for sanctions against a government attorney as moot following the order dismissing his underlying bankruptcy proceeding. On remand, therefore, the district court is instructed to reconsider that issue on its merits.
 
 I.
 
 4
 The bankruptcy court had jurisdiction over the prisoners' cases under 28 U.S.C.A. § 157(a) (West Supp.1993). It dismissed their Chapter 13 bankruptcy petitions without prejudice, see 11 U.S.C.A. § 349(a) (West 1993) (favoring dismissals without prejudice), because none of them had regular incomes sufficient to meet 11 U.S.C.A. § 109(e)'s income preconditions for Chapter 13 relief. We have held, in other contexts, that orders dismissing a complaint without prejudice are not final unless plaintiff can no longer amend the complaint. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir.1976) (per curiam) (order dismissing case without prejudice not final or appealable because "the deficiency may be corrected by the plaintiff without affecting the cause of action"); see also Newark Branch, NAACP v. Town of Harrison, 907 F.2d 1408, 1416-17 (3d Cir.1990); Czeremcha v. International Assoc. of Machinists and Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1554 (11th Cir.1984) (noting distinction between dismissal of the action and dismissal of the complaint).
 
 
 5
 We have never applied that principle to an order dismissing a bankruptcy petition. We have, however, adopted an exception to the rule that a dismissal without prejudice is not final and appealable when a "plaintiff cannot or will not bring a second action" because that inability or unwillingness eliminates the "risk of multiple litigation" which is at the core of the finality principle. Trevino-Barton v. Pittsburgh Nat'l Bank, 919 F.2d 874, 878 (3d Cir.1990). In Welch v. Folsom, 925 F.2d 666, 668 (3d Cir.1991), we applied this exception to Borelli's non-finality rule in holding the dismissal of a pro se in forma pauperis complaint for failure to effect service of process was final and appealable when the prisoner had no means of paying for the service necessary to cure the defect because that inability eliminated the possibility of a second suit. Id. Similarly, when the prisoners in these cases had their petitions for relief under Chapter 13 dismissed because of a lack of income, they were faced with a situation they cannot cure so long as they are incarcerated. Therefore, a second action posing that problem is not likely, and the order dismissing their petitions for relief without prejudice is, in practical effect, a final order that conclusively determines the prisoners' rights to avoid the Bureau of Prisons' regulation diverting their prison wages to payment of the obligations they seek to avoid.
 
 
 6
 Accordingly, we believe the rationale of our cases holding orders dismissing a complaint without prejudice lack the finality that is a prerequisite to appeal has no application here. Therefore, the district court had jurisdiction over the orders of the bankruptcy court in question under 28 U.S.C.A. § 158(a) (West Supp.1993). We have jurisdiction over the appeal from the district court's final order dismissing the bankruptcy appeals as untimely under 28 U.S.C.A. § 158(d) (West Supp.1993). The issue of whether the prisoners' appeals to the district court were timely is, on this record, a jurisdictional issue involving interpretation of Bankruptcy Rule 8002, over which we exercise plenary review. In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir.1985) (failure to file timely notice of appeal from bankruptcy court order deprives district court and also this Court of jurisdiction).
 
 II. Application of Houston v. Lack
 
 7
 Appellants had filed voluntary Chapter 13 bankruptcy petitions in the United States Bankruptcy Court for the Middle District of Pennsylvania under 11 U.S.C.A. §§ 1301-30 (West 1979 & Supp.1993) after the United States Bureau of Prisons introduced a "Financial Responsibility" program to collect money that prisoners owed to the federal government. The Bureau of Prisons devised a program of payments said to be voluntary but which the prisoners allege punishes any prisoner who does not agree to make the payment. The three prisoners who filed these appeals had agreed to a proposed payment plan and made payments on it for over a year and a half. After the bankruptcy court agreed to accept payment of the filing fee in each of the bankruptcies in installments, the United States filed motions to dismiss[2] and the Chapter 13 Trustee filed objections to the prisoners' proposed wage earner plans. In each case, the bankruptcy court treated the Trustee's objections as motions to dismiss. Because the appellants did not have the regular income 11 U.S.C.A. §§ 109(e), 101(3) requires, it dismissed the prisoners' Chapter 13 petitions without prejudice by order dated May 8, 1992.[3] The prisoners received the orders dismissing their petitions from prison authorities on Monday, May 11. On May 18, the last day for filing, they signed a joint notice of appeal dated that day and deposited it with prison authorities addressed to the Clerk of the Bankruptcy Court with postage prepaid. The last sentence in the notice states that the prisoners filed it on May 18 "by placing same in the legal mail box at USP-Lewisburg properly packaged and addressed with the proper amount of postage thereon in accordance with the dictates of Houston v. Lack, 487 U.S. 266 [108 S.Ct. 2379, 101 L.Ed.2d 245] (1988)." Brief for Appellant Flanagan at 27-28. These facts are not contested.[4] The bankruptcy court stamped the notice of appeal as filed on May 26, 1992, eight days after the appeal period had expired.
 
 
 8
 On June 30, 1992, the district court entered an order affirming the bankruptcy court. A written opinion addressing the merits of the bankruptcy court's actions accompanied the order. It gave two reasons for affirming the bankruptcy court's dismissal of the petitions, only one of which the bankruptcy court had addressed. The district court agreed with the bankruptcy court's holding that the petitions should have been dismissed because the prisoners had insufficient regular income to meet the requirement of 11 U.S.C.A. § 109(e). Alternately, the district court held the prisoners did not owe noncontingent, liquidated and unsecured debts of less than $100,000 as also required by that section.
 
 
 9
 On July 2, 1992, the district court withdrew the opinion and order it had entered June 30, 1992 dismissing the prisoners' petitions on their merits and entered instead an order dismissing the appeal for lack of jurisdiction because it was untimely.[5] The prisoners' joint notice of appeal was not filed within ten days of the date that the bankruptcy court entered its order of dismissal. See Bankr.Rule 8002 (requiring notice of appeal to be filed within ten days).[6] The appellants argue that Houston, which held an appeal from an order denying a prisoner's petition for writ of habeas corpus was timely filed when delivered to prison officials for mailing, should be extended to cover appeals from orders dismissing prisoners' bankruptcy petitions. If the Houston rationale applies, the prisoners' notice of appeal would be timely filed because they deposited it with prison authorities within the ten days allowed by Bankruptcy Rule 8002.
 
 
 10
 In Houston, the Supreme Court applied Federal Rule of Appellate Procedure 4(a)(1). It requires appeals to be filed within thirty days. The Court held that a pro se prisoner's notice of appeal in a habeas corpus case was filed at the moment it was delivered to prison authorities for forwarding to the district court. Houston, 487 U.S. at 270, 108 S.Ct. at 2382 (citing Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964)). First pointing out that Federal Rule of Appellate Procedure 4(a)(1) did not define when "filing" occurs, id. 487 U.S. at 273, 108 S.Ct. at 2383, the Supreme Court went on to examine the unique circumstances confronting a prisoner proceeding pro se. It noted among them a pro se prisoner's inability to take the steps other litigants can to monitor the processing of a notice of appeal and ensure that the clerk receives and stamps it within the appeal period. Id. at 270-71, 108 S.Ct. at 2382-83. The Supreme Court also pointed out that a pro se prisoner does not have counsel to see that such notice is timely received by the clerk. Id. at 271, 108 S.Ct. at 2382. Thus, pro se prisoners who must use the mails to file documents and cannot personally travel to the clerk's office to do so are unlike other civil litigants who choose the mail for filing and must bear the risk of late delivery that is attendant on the means of filing he has chosen to use. Id. The Supreme Court then pointed out if there is a delay attributable to prison authorities rather than postal procedures, a prisoner is unlikely to be able to prove that the late filing resulted from the prison's delay in depositing the appeal in the mail or the clerk's failure to properly stamp the notice when it is received. Id.
 
 
 11
 In addition, the Court reasoned that its rejection of a mail box rule in other situations because of the difficulty in determining the time of deposit does not apply to a prisoner because prison authorities are in a position to easily show when a document was received or mailed under established prison procedures for recording the date and time at which papers are received by prison officials in the prison's mail room. Id. at 275, 108 S.Ct. at 2384. The Supreme Court created "a bright-line rule, not an uncertain one," id., by holding that "the notice of appeal was filed at the time [the habeas] petitioner delivered it to the prison authorities for forwarding to the court clerk." Id. at 276, 108 S.Ct. at 2385.
 
 
 12
 We believe the Houston rationale is also controlling on a pro se prisoner's appeal to a district court from a final order of a bankruptcy court. Bankruptcy Rule 8002(a), requiring that the notice of appeal be filed within ten days after entry of the order appealed from, like Federal Rule of Appellate Procedure 4(a), fails to define "filing." The Advisory Committee's Notes to Bankruptcy Rule 8002(a) state that it is an adaptation of Federal Rule of Appellate Procedure 4(a). See also In re Universal Minerals, Inc., 755 F.2d at 312. Houston construes "filing" for pro se prisoners under 4(a) to mean the date a pro se prisoner deposits his notice of appeal, postage prepaid, in the prison mailroom. A pro se prisoner seeking to appeal a bankruptcy court order faces precisely the same problems as a prisoner who wishes to file a pro se appeal from an order dismissing a habeas petition. Therefore, we believe the Houston rule should be extended to bankruptcy appeals.[7] Cf. Vogelsang v. Patterson Dental Co., 904 F.2d 427, 430 & n. 3 (8th Cir.1990) (Houston applies to filing under Federal Rule of Appellate Procedure 4(a) and Bankruptcy Rule 8002(a) because rules are practically identical) (dicta). Bankruptcy appeals present a strong case for the application of Houston's prison mailbox rule because the time for appeal under Rule 8002(a) is only ten days instead of the thirty days the Houston appellants had to appeal the order dismissing Houston's habeas petition. See United States v. Grana, 864 F.2d 312, 315 (3d Cir.1989) (where appeal period is short, even slight delay can compromise prisoner's right to appeal) (citation omitted).[8]
 
 
 13
 In Smith v. Evans, 853 F.2d 155, 161-62 (3d Cir.1988), this Court considered Houston's application to Federal Rule of Civil Procedure 59(e) motions for reconsideration of orders dismissing § 1983 actions. Rule 59(e), like Bankruptcy Rule 8002(a), allows only ten days for filing instead of the thirty days Federal Rule of Appellate Procedure 4(a), the rule in Houston, allows. In Smith, we held that Houston would not save the Smith appeal because "we [could not] conclude that prison delay in transmitting Smith's motion contributed to the lateness of the motion." Id. at 162. Smith had submitted his motion on May 13, 1987, but the order he appealed from was entered April 23, 1987. Therefore, "when Smith put his motion in the envelope (even before he gave it to prison authorities to mail) his motion was untimely." Id. In this respect, Smith is plainly distinguishable. Here, the prisoners have shown they delivered their joint notice of appeal to the prison mail room within the ten days Rule 8002(a) allows.
 
 
 14
 Houston requires no more of a prisoner than a delivery of his notice of appeal to prison authorities within the filing period. If this task is completed, the notice is deemed "filed" when the prisoner turns it over to the prison authorities. Once that happens, it passes out of the pro se prisoner's control and he or she can do nothing more to insure its arrival at the clerk's office in time. Cf. Grana, 864 F.2d at 316 (Houston held applicable to pro se prisoner's motion to correct presentence investigation report; alleged negligent delay by prison officials in transmitting notice of final order to incarcerated pro se litigant so that he did not receive it until seventeen days after order was entered and seven days after appeal period expired was excluded from filing period).
 
 
 15
 In this case, however, there is no allegation of delay by the prison in transmitting the notice to or from postal authorities. The United States contends slow mail should not justify Houston's application and that some allegation of actual delay on the part of prison officials is required. See Grana, 864 F.2d at 316 (prison delay should not count against prisoner); cf. Wilder v. Chairman of Cent. Classification Bd., 926 F.2d 367, 371 (4th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 109, 116 L.Ed.2d 78 (1991). Certain statements in Houston, along with its reliance on the concurrence in Fallen, indicate a broader rule--one that seems to make the prison mail room an adjunct of the clerk's office without regard to whether there has been an allegation of actual delay.[9] We hold that when a pro se prisoner deposits his notice of appeal with prison authorities, addressed to the clerk of court with postage prepaid, it is deemed filed at that moment for purposes of Federal Rule of Appellate Procedure 4(a) and Bankruptcy Rule 8002(a). Therefore, a showing of delay on the part of prison officials is not necessary.
 
 III. Bankruptcy Court's Denial of Sanctions
 
 16
 Savich's appeal presents an additional collateral issue. During the bankruptcy proceedings he moved for the imposition of sanctions against United States Attorney Terz. The bankruptcy court denied his motion. In the bankruptcy court Terz had filed a motion to dismiss Savich's Chapter 13 petition as well as those of Flanagan and Valverde. The United States, however, was not a creditor in Savich's case. At the time Terz filed the motion to dismiss the petition he believed that the United States was in fact a creditor. He believed the Order of Restitution which Savich sought to discharge had been issued by the same federal court that had issued the order under which Savich was incarcerated. Terz says he did not learn until later that the restitution order against Savich had been issued by a New York state court. Savich filed a motion seeking Federal Rule of Civil Procedure 11[10] sanctions against Terz for filing a frivolous motion to dismiss on behalf of a person not a party to Savich's case.
 
 
 17
 The bankruptcy court denied Savich's motion for sanctions on April 15, 1992. Savich deposited his own notice of appeal from the denial of sanctions in the prison mailbox on April 23. It was received and stamped filed by the clerk of courts on April 27, two days after the ten-day filing deadline. Because of our holding that Houston applies to a pro se prisoner's appeal from a bankruptcy court's final order, see discussion supra in Part II, this notice of appeal must also be deemed timely filed.
 
 
 18
 The district court docket sheet, however, does not show that the district court ruled on the merits of Savich's appeal from the bankruptcy court's order dismissing Savich's motion for sanctions before issuing its July 2, 1992 order dismissing the joint appeal of the underlying bankruptcy cases as untimely. In its July 2 order, however, the district court stated that its order "renders moot all other outstanding motions."
 
 
 19
 All parties agree that the district court had appellate jurisdiction over the bankruptcy court order denying sanctions despite the district court's order dismissing Savich's appeal from the dismissal of his bankruptcy petition itself. An appeal from a denial of sanctions is a collateral matter independent of the underlying merits of the bankruptcy appeal. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990) (voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(i) does not deprive district court of jurisdiction over Rule 11 motion); see also In re Epco Northeast, Inc., 118 B.R. 267, 268 (Bankr.E.D.Pa.1990). Even if the district court meant to include Savich's appeal from the denial of sanctions in that part of its order dismissing all other motions as moot, it appears to have erred when it failed to consider the merits of Savich's appeal from the district court's denial of sanctions.
 
 
 20
 That issue does not become moot on disposition of the underlying bankruptcy petitions. Therefore, on remand, the district court should decide the merits of the prisoners' appeals from the bankruptcy court orders dismissing their Chapter 13 petitions without prejudice as well as the merits of Savich's appeal from the bankruptcy court order denying his motion for sanctions.
 
 IV.
 
 21
 For the foregoing reasons we will vacate the order of the district court and remand for further proceedings consistent with this opinion.
 
 
 
 [1]
 Although Flanagan was listed as the attorney of record for himself and the other two appellants in the bankruptcy court, he is not admitted to practice before this Court. Therefore, as the district court did, we will treat all three actions as filed pro se. See In re Flanagan et al., Civ. Nos. 3:CV-92-792, 793, 794 and 795, slip op. at 1 n. 1 (M.D.Pa. June 30, 1992), vacated on other grounds, In re Flanagan et al., Civ. Nos. 3:CV-92-792, 793, 794 and 795 (M.D.Pa. July 2, 1992). By order entered August 27, 1992, we consolidated the three prisoners' appeals at Nos. 92-7438, 7439, and 7440 for disposition on the merits
 
 
 [2]
 The United States is not a party to Flanagan's or Savich's appeal. Savich had only one creditor because his debt arose out of a restitution order from a New York state court. Valverde allegedly owes money to the federal government and Internal Revenue Service for tax liens assessed against him. Flanagan disputes the identity of his creditors
 
 
 [3]
 The bankruptcy court's order dismissed the Chapter 13 petitions of the three appellants in this case as well as one other individual, Richard Viccarone. We dismissed Viccarone's appeal, at our docket No. 92-7441, on January 14, 1993 for failure to file a brief and appendix
 
 
 [4]
 In Smith v. Evans, 853 F.2d 155, 162 (3d Cir.1988), we held that this is sufficient to establish that the notice was, in fact, given to prison officials for mailing on that date
 
 
 [5]
 The district court stated that at the time it issued the June 30 opinion it was unaware of the United States' pending motion to dismiss the appeal as untimely. We express no opinion on the merits of appellants' claims because the district court withdrew its June 30, 1992 opinion and order
 
 
 [6]
 Bankruptcy Rule 8002 was promulgated pursuant to the United States Supreme Court's authority "to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11." 28 U.S.C.A. § 2075 (West 1982)
 
 
 [7]
 The appellants allege that Local Rule 806 of the Middle District of Pennsylvania controls the appeal from the bankruptcy court to the district court. Local Rule 806 provides special filing rules for documents forwarded by prisoners. The Local Rules, adopted pursuant to Federal Rule of Civil Procedure 83, do not apply to proceedings in bankruptcy. Local Rule 806 has not been adopted or approved by the United States Supreme Court. See Fed.R.Civ.P. 81. Therefore, it does not apply to this case
 
 
 [8]
 On April 22, 1993, the United States Supreme Court approved an amendment to Federal Rule of Appellate Procedure 4, codifying the Houston rule, and transmitted it to Congress for its approval, as required by 28 U.S.C.A. § 2074(a) (West Supp.1993). Proposed new Rule 4(c) would provide:
 If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing.
 H.R.Doc. No. 103-72 at 12, 103d Cong., 1st Sess. (April 22, 1993).
 
 
 [9]
 Though none of the prisoners in this case have specifically alleged that the cause for the untimely notice was delay on the part of prison officials, they argued that slow mail in the prison contributed to the untimely filing because the bankruptcy court order was entered on a Friday but was not received by them until the following Monday at 4:00 p.m., the next normal prison mail delivery. This interval between the prison's receipt of mail and its delivery to the prisoners does not seem to us to show undue prison delay. The prisoners also argue that even if they had mailed the notice of appeal on the day the bankruptcy court order was received, i.e. May 11, the notice still would not have been received and filed until May 19, one day after the ten-day deadline, because it actually took the notice mailed on May 18 until May 26 to reach the Clerk's office. But see Grana, 864 F.2d at 316 (court can do nothing about slow mail). Because of our conclusion that Houston extends to the present situation and the notice of appeal is deemed filed when it is turned over to prison officials, we need not consider these arguments
 
 
 [10]
 Although we recognize that the Federal Rules of Civil Procedure are not applicable to bankruptcy proceedings absent directions from the Supreme Court, see Fed.R.Civ.P. 81(a)(1); In re Akros Installations, Inc., 834 F.2d 1526, 1531 (9th Cir.1987), Bankruptcy Rule 9011, based upon Rule 11, provides the bankruptcy court with authority to impose sanctions. Savich's failure to cite the appropriate rule should not deny him relief