

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2003

# Drayer v. Atty Gen DE

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Drayer v. Atty Gen DE" (2003). *2003 Decisions.* Paper 90.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/90

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2517
_____

JOHN R. DRAYER, JR.,

Appellant

v.

ATTORNEY GENERAL OF THE STATE OF DELAWARE; BUREAU CHIEF
OF PRISONS, (BGO) HOWARD; SUSSEX CORRECTIONS INSTITUTE;
KEARNY, Warden; SUSSEX VIOLATION OF PROBATION UNIT;
GEORGE, Warden; DEPARTMENT PAROLE & PROBATION; NESBIT, Ms.,
P.D. Supervisor

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00282)
District Judge: Honorable Kent A. Jordan

_____

NO. 03-2518
_____

JOHN R. DRAYER, JR.,

Appellant

v.

ATTORNEY GENERAL OF THE STATE OF DELAWARE; KEARNY, Warden;
SUSSEX CORRECTIONAL INSTITUTION; DEPT. PAROLE & PROBATION;
NESBIT, Ms., P.O. Supervisor; MATHEWS; FREEMAN; ABSHER;
BUREAU CHIEF OF PRISONS

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00307)
District Judge: Honorable Kent A. Jordan
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 2, 2003
Before:   MCKEE, RENDELL AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed November 26, 2003)
_____

OPINION
_____

PER CURIAM

Appellant, John R. Drayer, Jr., appeals from the orders of the District Court for the District of Delaware granting <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") status and assessing initial filing fees in each of his cases.

Drayer was released from prison on March 17, 2003. He filed the § 1983 complaint in Civ. No. 03-00282 prior to his release on March 13. He filed the § 1983 complaint in Civ. No. 03-00307 after he was released. Drayer filed the same motion to proceed IFP in each case, averring that he was in prison. The District Court granted the IFP motions. In Civ. No. 03-00282, absent a prison account statement, the District Court directed Drayer to pay the full filing fee. In Civ. No. 03-00307, the District Court directed Drayer to pay an initial partial filing fee of $19.83 based on Drayer's prison account statement of record. Drayer filed these appeals.

2

Drayer then filed motions to vacate the IFP orders and motions to consolidate his cases. On June 4, 2003, the District Court consolidated the cases and denied the motion to vacate. The District Court determined that Drayer was subject to the Prison Litigation Reform Act's ("PLRA") filing fee requirements because one of the complaints in the consolidated case was filed while Drayer was still incarcerated. Reasoning that Drayer's subsequent release did not eliminate the filing fee obligations that accrued while Drayer was in prison, the District Court directed Drayer to pay an initial partial filing fee of $19.83. Noting that Drayer was no longer in prison, the District Court ordered Drayer to file a standard (non-prisoner) IFP application with an affidavit with regard to the payment of the balance of the filing fee. The District Court subsequently denied reconsideration of its June 4, 2003 order. Although Drayer filed a standard IFP application with an affidavit, he failed to pay the required initial partial filing fee of $19.83. On August 26, 2003, the District Court dismissed Drayer's cases without prejudice for Drayer's failure to pay the initial partial filing fee of $19.83.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[1] Drayer has been granted leave to proceed IFP on appeal. Because Drayer's appeals lack arguable merit, we will dismiss them pursuant to § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d

---

[1] We are satisfied that Drayer's premature notice of appeal ripened upon the District Court's dismissal of the action for failure to pay the initial partial filing fee. See Cape May Greene, Inc., v. Warren, 698 F.2d 179 (3d Cir. 1989); see also In re Flanagan, 999 F.2d 753, 755-56 (3d Cir. 1995) (holding that dismissal "without prejudice" is a final, appealable order where it effectively bars the plaintiff from litigating his claim).

3

220, 223 (3d Cir. 2000).

Drayer contends that he should not pay any filing fee because he was not in prison when he filed his complaints and because he is indigent. See Informal Brief, at 9-10. The PLRA provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," subject to payment on an installment plan. 28 U.S.C. § 1915(b)(1)-(2). Courts have recognized that "if a litigant is a prisoner on the day he files a civil action, the PLRA applies." In re Smith, 114 F.3d 1247, 121 (D.C. Cir. 1997). Here, the record clearly indicates that one of the complaints in the consolidated case, namely Civ. No. 03-00282, was filed four days prior to Drayer's release. Thus, because Drayer filed suit prior to his release from prison, he was subject to the PLRA payment provisions. We agree with the District Court's reasoning that once Drayer's fee obligations under the PLRA accrued, his subsequent release from prison did not relieve him of his obligation under the PLRA to pay the initial fee of $19.83. Nor does Drayer's alleged current inability to pay the initial filing fee of $19.83 in the consolidated case, an amount he was capable of paying while he was still incarcerated, relieve him of his obligation to pay that fee. Accordingly, the District Court properly dismissed the consolidated case without prejudice upon Drayer's failure to remit the initial partial filing fee. If Drayer wishes to proceed with this suit, he can file his complaint in the District Court along with the required $19.83 payment plus either the remainder of the filing fee ($130.17) or a proper motion to proceed IFP with regard to his

4

inability to pay that remaining amount.

For these reasons, the appeals will be dismissed. Drayer's pending motions are denied.