**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 15-2165 & 15-2166

_____

In re: MARIE L. CHAVANNES,
                                        Appellant

_____

No. 15-3238

_____

In re: MARIE L. CHAVANNES,
                                        Appellant

FIRST AMERICAN TITLE INSURANCE COMPANY

v.

MARIE L. CHAVANES,
f/k/a Marie Comond

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Nos. 5-15-cv-01214, 5-15-cv-01321, 5-14-cv-04528)
District Judge: Hon. Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 18, 2016

_____

Before: McKEE, *Chief Judge*, FUENTES and ROTH, *Circuit Judges*.

(Opinion filed:  September 21, 2016)

---

OPINION[*]

---

McKEE, *Circuit Judge.*

Debtor Marie L. Chavannes appeals from three district court orders dismissing her motion to reopen the time to file an appeal; sanctioning her for failing to attend meetings with creditors; and denying her motion to dismiss her Chapter 7 case. For the reasons that follow, we will affirm the district court's orders.[1]

I.

Our standard of review is mixed. We review district courts' decisions on requests for extensions of time to file appeals for abuse of discretion.[2] We will not disturb such rulings "unless there is a definite and firm conviction that the court . . . committed a clear error of judgment."[3] In contrast, our review of the timeliness of an appeal to a district court from a bankruptcy court is plenary.[4]

II.

Under Federal Rule of Appellate Procedure 4(a)(6), courts allow reopening of the time to file an appeal if three conditions are satisfied: (1) the movant did not receive

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The district court had jurisdiction to consider appeals from orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). This court has jurisdiction under 28 U.S.C. §§ 158(d)(1), 1291.

[2] *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322 (3d Cir. 2012).

[3] *Id.* (quoting *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 192 (3d Cir. 2000)).

[4] *See In re Flanagan*, 999 F.2d 753, 756 (3d Cir. 1993).

notice of the entry of the order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after the order is entered or within 14 days after the movant receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced. Even if these three criteria are met, it is within the court's discretion to deny a request to reopen.[5] Applying these factors to Chavannes' motion, the district court denied her request. We agree and will affirm the district court's denial of Chavannes' motion to reopen.

The district court correctly determined that Chavannes had met the deadline in Rule 4(a)(6)'s second factor. Though the circumstances surrounding Chavannes' receipt of notice of the order under appeal are not entirely clear, the district court's conclusion that any delay in notice is ultimately chargeable to Chavannes is reasonable. At least one of Chavannes' counsel from amongst her carousel of attorneys appears to have been listed on the docket when the order was entered—he should have received notification on her behalf. Moreover, it is difficult not to conclude that Chavannes received notice directly, as she was frequently listed as pro se. The court likewise did not abuse its discretion in determining that further prolongation of these proceedings would "certainly verge[] on prejudice"[6] to her creditor given Chavannes' extensive pattern of delaying the litigation.

Chavannes' protests to the contrary are unavailing. She contends that her failure

---

[5] FED. R. APP. P. 4(a)(6) ("The district court *may* reopen the time to file an appeal.") (emphasis added); *see also Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003); *Matter of Jones*, 970 F.2d 36, 39 (5th Cir. 1992).
[6] App. 5.

to file a timely appeal constituted "excusable neglect," which permitted the court to accept a late filing. Specifically, Chavannes blames the clerk's office or in the alternative, her counsel, for her own tardiness. We are not persuaded. Chavannes further claims that the district court improperly considered the impact of her history of untimeliness and delay on her creditor in its prejudice finding. However, that claim ignores the wide discretion that Rule 4(a)(6) affords to courts.

We will also affirm the district court's dismissal of Chavannes' appeals of the bankruptcy court's order of sanctions and denial of her motion to dismiss her case. A notice of appeal of a bankruptcy court order must be filed within 14 days of the entry of the given order.[7] This requirement is jurisdictional and non-waivable.[8] Because the sanctions order Chavannes sought to appeal was entered on February 13, 2015, her notice of appeal filed on March 4, 2015 was untimely. The same is true of her March 4, 2015 notice of appeal of the January 29, 2015 order denying her motion to dismiss. The district court correctly rejected Chavannes' claim that, contrary to the official date stamps provided by the clerk's office, both notices were actually timely filed, as evidenced by additional earlier date stamps. This argument is frivolous because even the alternate date stamp of February 27, 2015 was beyond the 14-day window of the January 29, 2015 order under appeal.

---

[7] Fed. R. Bankr. P. 8002(a)(1).
[8] *See In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011) ("[E]ven though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.").

4

Moreover, the district court had every reason to view these odd February date notations with a jaundiced eye as they were potentially fraudulent. A statement filed by the bankruptcy judge fixes March 4, 2015, not February 27, 2015, as the notice of appeal date and recommends dismissal of the appeals as untimely. The district court was right to agree and we see no reason to disturb the district court's holding.

III.

For the reasons set forth above, we will affirm the district court's orders.