**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2150
_____

CHARLES PARKER,
Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-17-cv-02837)
District Judge: Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 29, 2019

Before: SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*.

(Opinion filed: January 17, 2020)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

In 1997, as a teenager, Charles Parker was adjudicated delinquent for sexually assaulting a 16-year-old girl. Because later, as an adult, he shot a person in the face with a shotgun, Parker is currently serving an eight-to-twenty-year prison sentence for aggravated assault and possession of an instrument of crime. Parker is currently eligible for parole, but the Pennsylvania Department of Corrections recommended against his parole because he has not completed sex offender training. Ultimately, the Pennsylvania Board of Probation and Parole denied Parker parole.

In this case, Parker challenges that denial of parole. He argues that sex offender training cannot be required for parole from his current sentence, which is not for sexual assault, because previously he was adjudicated delinquent but not convicted of sexual assault. Denying him parole for not completing sex offender training, Parker contends, violates his federal constitutional rights to due process and equal protection. To obtain his freedom, Parker petitions for a writ of habeas corpus, a civil action that enables an incarcerated person to seek release from imprisonment that violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Parker had no success with that petition in District Court. The Magistrate Judge issued a Report and Recommendation indicating that Parker's petition should be denied. By order entered in the civil docket on March 30, 2018, the District Court approved and adopted that recommended disposition.

Parker had 30 days to appeal. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1); *see also* R. Governing Section 2254 Cases in the U.S. Dist. Cts. 11(b) (hereinafter

2

'Section 2254 Rules') ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."). He filed his notice of appeal on May 1, 2018, which, by the calendar, is 32 days later. Parker did not move to extend the time to appeal, *see* Fed. R. App. P. 4(a)(5), nor did he move to reopen the time to file an appeal, *see id.* 4(a)(6). This Court issued a certificate of appealability and requested briefing on the timeliness of appeal.

I

The thirty-day period to appeal a civil action is jurisdictional. That is so because although that time limit is codified in rules, *see* Fed. R. App. P. 4(a)(1); *see also* Section 2254 R. 11(b), its origin is in statute, *see* 28 U.S.C. § 2107(a). *See Bowles v. Russell*, 551 U.S. 205, 208-10 (2007); *Baker v. United States*, 670 F.3d 448, 456 (3d Cir. 2012); *see also Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 470 (3d Cir. 2017). If Parker's notice of appeal were timely filed, then this Court would have jurisdiction over Parker's appeal, otherwise it would not. *See Bowles*, 551 U.S. at 209-10; *Baker*, 670 F.3d at 450, 452.

The timeliness analysis is straightforward. It consists of three components: (A) identifying the date judgment was entered; (B) pinpointing the date a notice of appeal (or a document construed as a notice of appeal) was filed; and (C) determining whether the time period between those two dates exceeds the time permitted for appeal, in this case 30 days. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Under that analysis, Parker's appeal is untimely.

3

A

The timeliness determination starts with identifying the date that judgment was entered. No one disputes that the District Court's order approving and adopting the Magistrate Judge's Report and Recommendation, although signed and dated on March 29, 2018, was entered on the civil docket on March 30, 2018. *See United States v. Fiorelli*, 337 F.3d 282, 287 (3d Cir. 2003) ("[A]lthough an order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls."). But beyond that March 30 Order, no additional document of judgment was entered. And under Civil Rule 58, which applies to § 2254 habeas petitions,[1] "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). The critical question is whether the March 30 Order requires a separate document of judgment under Rule 58. If it does not, then the thirty-day time period for appeal, *see* Fed. R. App. P. 4(a)(1)(A), would begin on March 30, the date the order was entered on the docket. *See* Fed. R. App. P. 4(a)(7)(A)(i); *see also* 28 U.S.C. § 2107(a); *In re Cendent Corp. Sec. Litig.*, 454 F.3d 235, 240 (3d Cir. 2006). But if the March 30 Order does require a separate document of judgment, then the time period for appeal would start on the entry date of that separate document or, if no separate document is

---

[1] The Section 2254 Rules permit the application of the Federal Rules of Civil Procedure "to the extent that they are not inconsistent with any statutory provision or [the Section 2254 Rules]." Section 2254 R. 12. And application of Civil Rule 58 to § 2254 habeas petitions is not inconsistent with any statutory provision or the Section 2254 Rules. *See Fiorelli*, 337 F.3d at 286 (holding that "the 'separate document' requirement of Civil Rule 58(a) and the entry requirement of 58(b) apply to § 2255 motions"); *compare* R. Governing Section 2255 Proceedings for U.S. Dist. Cts. 12, *with* Section 2254 R. 12.

4

entered, 150 days after March 30, 2018. *See* Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2)(A)-(B); *see also* Fed. R. App. P. 4(a)(1)(A); *In re Cendent Corp. Sec. Litig.*, 454 F.3d at 240 ("[T]he lack of a separate document only gives the potential appellant another 150 days.").

In this Circuit, three criteria determine whether a court order is exempt from the separate document rule. The order must: (i) "be self-contained and separate from the opinion"; (ii) "note the relief granted"; and (iii) "omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." *In re Cendent Corp. Sec. Litig.*, 454 F.3d at 241.

The first requirement – that of being self-contained and separate from the opinion – is satisfied here. The March 30 Order approved and adopted the Magistrate Judge's Report and Recommendation, and the District Court did not issue any separate opinion.

The second element – the obligation to note the relief granted – is likewise fulfilled here. The March 30 Order notes that Parker's objections were overruled, that Parker's petition was dismissed, that there was no probable cause to issue a certificate of appealability, and that the Clerk of Court should mark the case as closed. Those details sufficiently note the relief granted.

The third criterion – omission (or substantial omission) of reasoning – is also met, although not by a wide margin. The March 30 Order does not completely omit reasoning; as Parker points out, the first footnote provides some explanation for the outcome. That footnote contains three sentences without a factual recitation, an articulation of governing legal standards, or any application of fact to law. But the

5

footnote provides some procedural history and summarily endorses the Report and Recommendation:

> Magistrate Judge Heffley thoroughly addressed [Mr. Parker's] arguments and correctly recommended denying Mr. Parker's petition for habeas corpus because (1) this court has already rejected Mr. Parker's argument that he has been improperly required to complete sex offender training as a precondition for his parole and (2) his due process claims are meritless. Petitioner objects to the Report and Recommendation, raising substantially the same arguments that he has raised in his prior filings in this matter. Therefore, for the reasons ably outlined by Magistrate Judge Heffley in her Report and Recommendation, the Petition must be denied.

*Parker v. Pa. Parole Bd.*, 2018 WL 1566755, at *1 n.1 (E.D. Pa. Mar. 30, 2018). That footnote does not contain "an extended presentation of facts and procedural history," that would necessitate a separate document. *In re Cendant Corp.*, 454 F.3d at 243. As far as legal reasoning, the conclusory statements contained in the footnote summarily adopt the Magistrate Judge's six-page Report and Recommendation, which provided a complete analysis of Parker's constitutional claims. Standing alone, but especially in comparison to that Report and Recommendation, the footnote in the District Court's order is best described as substantially omitting legal reasoning, and that suffices to meet the third criterion. *See Local Union No. 1992 of Int'l Bhd. of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 285 (3d Cir. 2004) (holding that a two-page order issued "[f]or the reasons expressed in the accompanying [18-page] written opinion" constituted a separate document).

By satisfying those criteria, the March 30 Order does not require a separate document under Rule 58 to start the time to appeal, and therefore the thirty-day appeal period began on March 30, 2018.

6

B

Determining the date of the notice of appeal (or a document construed as a notice of appeal) is straightforward.  Parker placed a certificate of appealability, which was construed as a notice of appeal, in prison mail on May 1, 2018.  Under the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), Parker's notice of appeal is deemed "filed" for purposes of 28 U.S.C. § 2107(a) and Appellate Rule 4(a)(1) as of that date, May 1, 2018.

C

The final step in the timeliness calculation is to determine the number of days between entry of judgment and the filing of the appeal.  By the calendar, and not counting the first day, *see* Fed. R. App. P. 26(a)(1)(A), 32 days elapsed between March 30, 2018, and May 1, 2018.  But the calendar alone does not provide the metric for timeliness.  By rule, a time period ending on a Saturday, Sunday, or legal holiday is extended until the date of the next day that is not a weekend-day or legal holiday.  *See* Fed. R. App. P. 26(a)(1)(C).  Under that rule, Parker would gain an extra day because 30 days after March 30, 2018, was Sunday, April 29, 2018, and therefore Parker would have had until Monday, April 30, 2018, to file a notice of appeal.  But his filing occurred on May 1, 2018.

Parker argues that he should receive still another day to appeal because prison officials allegedly delayed one day – from April 4 to April 5 – in providing him with the March 30 Order.  If the prison-delay exception could be dispositive, then it would be appropriate to remand this case to determine whether prison interference caused that one-

7

day delay. *See Fiorelli*, 337 F.3d at 290 (remanding where it was unclear whether prison officials interfered with the receipt of an order); *United States v. Grana*, 864 F.2d 312, 313 (3d Cir. 1989), *abrogated on other grounds by Virgin Islands v. Martinez*, 620 F.3d 321 (3d Cir. 2010); *see also In re Flanagan*, 999 F.2d 753, 759 n.9 (3d Cir. 1993) ("Th[e] interval between the prison's receipt of mail [on a Friday] and its delivery to the prisoners [on the next Monday] does not seem to us to show undue prison delay."); *Grana*, 864 F.2d at 313 ("To the extent that the delay represents slow mail, there is nothing that this Court can do to preserve an appellant's right to appellate review."). But that is not necessary for two independent reasons.

First, no prison-delay exception applies here. Although this Circuit previously allowed tolling of time limits for impermissible prison delay, *see Grana*, 864 F.2d at 316, that rule has not been extended to civil cases, such as this one, where the time for appeal is ultimately governed by statute. *See Poole v. Family Ct. of New Castle Cty.*, 368 F.3d 263, 266 (3d Cir. 2004) (explaining that, in determining the timeliness of an appeal under Appellate Rule 4(a)(1), "the *Grana* approach cannot be used to extend the time for filing a notice of appeal in a civil case."); *see also Long v. Atl. City Police Dep't*, 670 F.3d 436, 443 n.14 (3d Cir. 2012). That result is also consistent with the Supreme Court's decision in *Bowles*, 551 U.S. 205, which disallowed equitable exceptions to jurisdictional time limits. *Id.* at 214; *see also Mathias*, 876 F.3d at 470; *Baker*, 670 F.3d at 459. Consequently, any impermissible prison delay between entry of the judgment in a habeas case and a prisoner's receipt of that judgment cannot be excluded from the jurisdictional time period for appeal. *See Baker*, 670 F.3d at 456; *see also* 28 U.S.C. § 2107(a); Fed. R.

8

App. P. 4(a)(1); *cf.* Fed. R. App. P. 4(a)(5) (providing for motions to extend the time to appeal); *id.* 4(a)(6) (providing for motions to reopen the time to file an appeal). But that is precisely the type of tolling that Parker seeks here, and it is not permitted.

Second, even if the prison-delay exception did apply here *and* Parker could prove actual prison interference with his receipt of the judgment, he still would have missed the deadline. Parker argues that the one-day delay would move the deadline from April 30 to May 1, but the prison-delay exception does not add time to the end of the time period for appeal. Rather, in the circumstances in which it applies, that exception permits only the "exclu[sion of] the time lost due to prison delay." *Long*, 670 F.3d at 446; *see also Grana*, 864 F.2d at 316. Applying that principle here, from the date of the March 30 Order until April 4, five days elapsed. The alleged one-day prison delay – from April 4 to April 5 – would be excluded from the timeliness calculation. Resuming the count on April 6 for the remaining 25 days leads to an expiration date of Monday, April 30, 2019, the same deadline as for the weekend rule, *see* Fed. R. App. P. 26(a)(1). Because Parker filed on May 1, his notice of appeal would be untimely even if the prison-delay exception were to apply.

## II

For the above reasons, we lack appellate jurisdiction, and we will dismiss Parker's appeal. *See generally Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare

9

the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").[2]

---

[2] Judge Hardiman does not join this opinion because he would have affirmed the order of the District Court on the merits.